83 N.J. Super. 420 (1964)
200 A.2d 335
LEO JAY ROSS, PLAINTIFF-RESPONDENT,
v.
IRVING LEWIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 27, 1964.
Decided May 4, 1964.
*421 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Irving Lewin, appellant pro se.
Mr. Lewis C. Stanley, attorney for respondent.
*422 The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff, an attorney and resident of California, sued defendant, a resident of New Jersey, in the Superior Court of New Jersey, Law Division, to recover the sum of $3,362.80 for legal services allegedly rendered in California for defendant and a California corporation in which defendant was interested, for which services, according to plaintiff, defendant personally promised to pay. The case was tried before a jury and resulted in a verdict in favor of plaintiff and against defendant for $3,362.80, the sum claimed.
Defendant appeals from the judgment based upon the jury's verdict. Though stated in various ways under four separate points, the basic contention of defendant is that the trial court should not have admitted into evidence plaintiff's own deposition in the form of answers to written interrogatories, taken pursuant to R.R. 4:21, as partial proof of plaintiff's cause of action.
Leave to take plaintiff's deposition and that of his office associate, upon written interrogatories in California for use at the trial, was granted by the trial court in advance of the trial, over defendant's objection. Defendant's attorney stated upon the application for that order that he would assent to use of depositions upon oral examination if his expenses were advanced (as plaintiff's attorney had offered to do), but he would not assent to having such advance made the subject of taxed costs to abide the result of the trial. Upon such refusal, the trial court allowed the taking of the deposition upon written interrogatories, as noted above. Defendant did not avail himself of the right to serve cross-interrogatories, as provided for in R.R. 4:21-1.
Plaintiff was still in California at the time of the trial, and by reason of his being out of the State the trial court permitted his deposition to be read into evidence before the jury, pursuant to R.R. 4:16-4(c). That rule, in part, and so far as pertinent here, provides:
"(c) The deposition of a witness, whether or not a party, may be used by any party for any purpose against any other party who was *423 present or represented at the taking of the deposition or who had due notice thereof, provided the court finds: (1) that the witness is dead; or (2) that the witness is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; * * * or (5) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."
It is not disputed that defendant had due notice that plaintiff's deposition was to be taken.
Defendant maintains that R.R. 4:21 and R.R. 4:16-4 were not intended to permit a party to take his own testimony upon written interrogatories for use at a jury trial. The plain language of these rules is contrary to defendant's contention. The deposition of any witness, "whether or not a party," may be used "by any party for any purpose," so long as the trial court finds existing one of the conditions for such use prescribed in R.R. 4:16-4(c). Plaintiff, a busy California attorney, was about 3000 miles distant from the scene of trial. Thus, his being out of the State and at such a great distance satisfied both the "out of the State" condition and the "exceptional circumstances" provision.
Defendant argues that plaintiff, by remaining in California, "procured" his own absence from the State at the time of trial, so as to make the "out of the State" provision inapplicable. It would be a distortion of the language of R.R. 4:16-4(c) to say that a California resident, engaged in the practice of the law there, had procured his absence from New Jersey, merely because he did not attend personally at the trial in New Jersey. Defendant's interpretation would preclude the use of the deposition of a nonresident party in his own behalf, notwithstanding his absence from the State and no matter how far removed from the place of trial, so long as he was physically able to come to New Jersey. We are satisfied that such was not the intention of the Supreme Court in framing R.R. 4:16-4(c), the modern and more liberal counterpart of the former practice of testimony de bene esse *424 and testimony by commission. See Harris, Pleading and Practice in New Jersey (1926), pp. 441-458.
R.R. 4:16-1 provides:
"After the commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * *"
That broad language speaks for itself. "Any party," plaintiff or defendant, may take the testimony "of any person, including a party." Certainly, that means that the plaintiff herein could take the deposition of himself, as a party, and of his office associate, as a witness. Note, too, that the rule does not limit the purpose of the deposition to "discovery," but extends the purpose "for use as evidence in the action." It was for this latter purpose that plaintiff took his own deposition, as expressly permitted by this rule and by R.R. 4:16-4(c).
Significantly, too, R.R. 4:16-1 sanctions both "oral examination" and "written interrogatories" as the available procedures for the taking of the deposition of a witness or of a party. Plaintiff had the right to use written interrogatories and was given leave to do so by an order of the court upon application therefor after due notice to defendant. Thus, plaintiff availed himself of pretrial proceedings provided for by rules of the Supreme Court. His doing so and the trial court's permitted use of the deposition at the trial were proper.
Defendant argues further that it was prejudicial error to admit plaintiff's deposition because it was "self-serving." Of course, it was self-serving, but that is not, in itself, a valid basis for its exclusion. Presumably, the testimony of every party is self-serving, whether it is given in open court or cast in the form of a deposition given in advance of trial. We assume that defendant was serving his own self-interest when he gave his own testimony herein before the jury. He would hardly claim that his own testimony should have been excluded because it was "self-serving."
*425 Defendant asserts that the use of plaintiff's deposition foreclosed his cross-examination of plaintiff before the jury and thus violated his right to trial by jury. To uphold this contention would mean that the deposition of a party or a witness could never be used at a trial, except by the mutual consent of the litigants. Such is not the law. Such a holding would contravene the rules of practice and procedure laid down by our Supreme Court.
In support of a party's right to use his own deposition, provided one of the conditions for use thereof is found to exist, see Schnitzer & Wildstein N.J. Rules Service A IV-485; 4 Moore's Federal Practice (2d ed. 1963) § 26.30, p. 1666 et seq.; Richmond v. Brooks, 227 F.2d 490 (2 Cir. 1955). This is particularly true when a deposition is of a party whose residence is at some great distance from the place of trial.
Defendant could have served cross-interrogatories upon plaintiff, but neglected or was unwilling to do so. Defendant or his attorney could have examined or cross-examined plaintiff orally in advance of trial, but spurned the opportunity to do so, even though plaintiff was willing to advance the expense of going to California, the assessment of costs to abide the result.
The use of depositions instead of live testimony before the jury is an everyday occurrence in the courts of our State. This does not constitute a denial of trial by jury. The jury still hears and passes upon the evidence, as it did here. Apparently, defendant himself did not impress the jury, because it chose to believe the sworn statements of the absent California plaintiff as against the New Jersey defendant, who was able to testify orally before the jury, without fear of later contradiction by plaintiff. We find these contentions by defendant lacking in substantial merit.
Defendant does not maintain that the verdict was against the weight of the evidence, or excessive, or that there was any other error by the trial court, beyond the challenged admission of plaintiff's deposition.
Finding no prejudicial error in the grounds asserted, the judgment is affirmed.