273 N.J. Super. 198 (1994)
641 A.2d 570
AVIS RENT-A-CAR, INC., PLAINTIFF-APPELLANT,
v.
DOUGLAS COOPER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1994.
Decided May 19, 1994.
*199 Before Judges COLEMAN and THOMAS.
Adrian M. Unger argued the cause for appellant (Unger and Unger, attorneys; Adrian M. Unger on the brief).
*200 Joseph L. Stonaker argued the cause for respondent (Stonaker and Stonaker, attorneys, Joseph L. Stonaker, on the brief).
The opinion of the court was delivered by COLEMAN, P.J.A.D.
This is an appeal by Avis Rent-A-Car, Inc. (Avis) from a judgment dismissing its complaint without prejudice. The issue raised is whether telephone depositions taken by Avis of its expert, one of its management employees and another potential witness should have been admitted as substantive evidence to prove Avis's case.
Defendant Douglas Cooper, a resident of New Jersey, rented a 1989 Nissan car from Avis on January 29, 1989, in Honolulu, Hawaii. The car was damaged while in defendant's possession. Avis instituted the present litigation seeking to collect damages.
After instituting this action in New Jersey, Avis obtained an order to take telephone depositions of three witnesses in Hawaii. The order was silent as to whether the depositions could be admitted as evidence at the trial in lieu of testimony.
That order provided:
1. Plaintiff may conduct depositions of Joe Tony Alexander, Joey Chang or other representative of Nissan and T.R. Bongartz, via telephone conference call, to Hawaii in which all counsel may participate and the three deponents shall be duly sworn and testify in the presence of a certified court reporter who shall transcribe said depositions.
2. Plaintiff's attorneys shall give defendant's attorney due notice of the date, time and place of said depositions and furnish him in advance copies of all relevant documents. He may attend in person said depositions and may cross depose deponents, at his election.
3. Said depositions shall be at the initial cost and expense of plaintiff, subject to further order of this Court on due application.
One of the persons deposed, Joe Tony Alexander, was an employee of Avis. He was the Hawaii Zone Manager for maintenance of the cars, and he was familiar with the repairs made on the car defendant rented. T.R. Bongartz was an expert in accident reconstruction and safety engineering. The third witness *201 deposed, Clayton Uza, was employed as the manager for service operations for Nissan Motor Corporation in Hawaii Limited.
Avis offered the telephone depositions of the three witnesses as substantive evidence during a bench trial. Counsel for defendant raised the following objection to the use of the depositions:
First of all, your Honor, as I understand the rules and the rules of evidence that depositions are not admissible. Only depositions from a prior proceeding are admissible under certain conditions and that's set forth in R. 63.3 of the Rules of Evidence. So I submit, your Honor, that there is no testimony that's being presented by the plaintiff, that the plaintiff is asserting that his witnesses are unavailable, but they're not unavailable because he can't bring them here, he doesn't want to pay to bring them here because he doesn't feel that the case justifies the expense.
All the Court Order did was allow for the telephone deposition. It did not provide that they are admissible in evidence and, your Honor, it's clear to me from a reading of the Rules and the case law ... that he cannot rely on the fact that his witnesses are unavailable. He can bring those witnesses here, your Honor, and he can present those witnesses. He just doesn't want to pay to have the witnesses come here.
We did have a telephone deposition. I asserted the right at the beginning of the deposition that this was a self-serving deposition of his witnesses that he was taking and I certainly did not consent to any admissibility in evidence of the depositions and as I read the rules, your Honor, as I read the Rules of Evidence, specifically, these depositions are not admissible.
The trial judge relied upon Evid.R. 63(3), now N.J.R.E. 804(b)(1), and disallowed the use of the depositions. He observed:
The Rule is clear and subject to Rule 64 and to the same limitations and objections as though the declarants were testifying in person and where the declarant is unavailable as a witness, testimony is admissible if it was given by the declarant as a witness in a prior trial of the action or in another action or in a deposition taken in compliance with the law for use as testimony in the trial of another action.
Counsel for Avis filed a motion for reconsideration, urging that the depositions were admissible under R. 4:16-1(c). That motion was denied. This appeal followed.
In this appeal, Avis contends Evid.R. 63(3) was inapplicable to this case and that the depositions should have been admitted under R. 4:16-1(c) because all of the witnesses were out of the State. Plaintiff and defendant now concede that Evid.R. 63(3) is inapplicable to this case. Defendant urges, among other things, *202 that R. 4:16-1(c) should not be construed to permit Avis to prove its entire case through depositions.
The admissibility of depositions taken in the same action is controlled by R. 4:16-1(c), which, in relevant part, provides:
Except as otherwise provided by R. 4:14-9(e) [videotaped depositions], the deposition of a witness, whether or not a party, may be used by any party for any purpose, against any other party who was present or represented at the taking of the deposition or who had reasonable notice thereof if the court finds that the appearance of the witness cannot be obtained because he ... is out of this state ..., provided, however, that the absence of the witness was not procured or caused by the offering party....
This rule required the admission of Clayton Uza's depositions. He was a lay witness who was outside of New Jersey, and his absence was not procured or caused by Avis. This holding is consistent with the plain language of the rule which represents "the modern and more liberal counterpart of the former practice of testimony de bene esse." Ross v. Lewin, 83 N.J. Super. 420, 423, 200 A.2d 335 (App.Div.), certif. denied, 43 N.J. 258, 203 A.2d 713 (1964). In addition, counsel for defendant cross-examined this witness during the deposition. Contrary to defendant's assertion, use of a deposition rather than live testimony does not automatically deprive a party of the right to a fair trial. Id. at 425, 200 A.2d 335.
The same treatment should not be accorded the depositions of Joe Tony Alexander. He was a management employee of Avis, designated within the spirit of R. 4:14-2(c) to give testimony on behalf of the corporate entity. As such, Avis was obligated to produce him to testify. He could have been produced in New Jersey simply by agreeing to provide transportation. After all, live testimony at trial is still preferred. Witter by Witter v. Leo, 269 N.J. Super. 380, 390, 635 A.2d 580 (App.Div. 1994); Genovese v. N.J. Tr. Rail Operations, 234 N.J. Super. 375, 382, 560 A.2d 1272 (App.Div.), certif. den., 118 N.J. 195, 570 A.2d 960 (1989).
The unavailability of a witness under R. 4:16-1(c) is essentially the same as under N.J.R.E. 804(a)(4) where all reasonable means to procure the declarant's attendance at trial must be *203 exhausted. Here, we find that Avis did not satisfy this standard. Payment by Avis of its employee's travel expenses to New Jersey to testify where Avis elected to file the law suit, is a reasonable means of producing its witness. By declining to ask Alexander to come to New Jersey and agreeing to pay for his transportation expenses, indicates the absence of Alexander was caused by Avis. He was an absent but not an unavailable witness. See Witter by Witter, supra, 269 N.J. Super. at 390, 635 A.2d 580. When the party offering the depositions has caused the unavailability of a witness, that party has failed to establish a necessary precondition to admission of a deposition under R. 4:16-1(c). Thus, the judge properly denied admission of Alexander's depositions as substantive evidence, albeit for the wrong reason.
We are also persuaded that depositions of Avis's expert, Bongartz, were inadmissible under R. 4:16-1(c). The first phrase in the rule "Except as otherwise provided by R. 4:14-9(e)" exempts from its coverage, the use of discovery depositions of experts as substantive evidence in lieu of live testimony. Discovery depositions of experts are taken pursuant to R. 4:10-2(d). Depositions of experts for use at trial in lieu of live testimony are taken pursuant to R. 4:14-9. Such depositions must be videotaped before they can be used in lieu of trial testimony, R. 4:14-9(e), except in special circumstances not here involved. This rule controls the admission of depositions of experts "whether or not they are within the jurisdiction." Thompson by Thompson v. Merrell Dow Pharm., 229 N.J. Super. 230, 254, 551 A.2d 177 (App.Div. 1988). Moreover, there has been no suggestion that Avis was unable to obtain an accident reconstruction expert in New Jersey within the contemplation of N.J.R.E. 804(b)(1)(B).
We affirm so much of the order under review which excluded the use of depositions of Alexander and Bongartz as substantive evidence. We reverse so much of that order which excluded the use of Uza's depositions as substantive evidence. Upon application by Avis within 30 days of this decision, the trial court is *204 directed to vacate the dismissal of the complaint and permit Avis to proceed to trial.
Affirmed in part and reversed in part and remanded.[1]
NOTES
[1] The results are not unduly harsh in light of the concession made by counsel for Avis that he "made a tactical blunder, not a legal blunder, a tactical blunder, I should have started the suit in Hawaii where the accident occurred...."