834 A.2d 415

EDNA WILLIAMS AND GEORGE WILLIAMS, PLAINTIFFS–AP
PELLANTS, v. GEORGE HODES, DEFENDANT–RESPONDENT,
AND PATRICIA D. HARLEY, JOHN M. DURYEE, II AND EDNA
E. WILLIAMS, THIRD–PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued September 16, 2003—Decided October 31, 2003.

Before Judges COBURN, WELLS and FISHER.

*Lisa A. Lehrer,* argued the cause for appellant (*Bendit Wein-stock,* attorneys; *Ms. Lehrer,* of counsel and on the brief).

*James M. McDonnell,* argued the cause for respondent (*Hardin, Kundla, McKeon, Poletto & Polifroni,* attorneys; *Everett E. Gale, III,* on the brief).

The opinion of the court was delivered by

WELLS, J.A.D.

Plaintiffs, Edna and George Williams, appeal from a judgment which directed a verdict in favor of defendant, George Hodes.

The facts, which we glean from the record, including that of the jury trial that took place in February 2002, are as follows. On February 11, 1999, Edna Williams, driving her Chevrolet Van, was exiting the Garden State Parkway at Exit 145 near South Orange, and came to a stop. The driver behind her, John Duryea, also stopped. A third vehicle operated by Patricia Harley was coming to a stop when a fourth car in line, operated by the defendant, Hodes, struck the Harley vehicle in the rear causing a chain reaction collision in which Edna's van was damaged and she was injured.

Edna and her husband, per quod, sued Hodes. Hodes, in turn, joined as third-party defendants, Harley and Duryea. Edna did not amend her complaint to name either of the two drivers behind her as direct defendants. All parties answered and discovery ensued. Some time before the first trial listing, Edna served upon counsel for Duryea and Harley notices in lieu of subpoena to produce their respective clients at the time of trial.

The trial convened on February 20, 2002. Immediately prior to jury selection, defense counsel took a voluntary dismissal as to Duryea and Harley, and the case was continued to the next day. Using what time was available following the February 20, 2002 session of court, plaintiffs' counsel prepared and faxed subpoenas naming Duryee and Harley to a commercial subpoena server with directions that they be served on an expedited basis. She also

tried to contact both Harley and Duryea by telephone and sought the cooperation of counsel who had represented them. However, by the time the case reconvened the following day, counsel could not represent to the court that the subpoenas had been served or that her other efforts to reach Harley or Duryea had been successful.

The trial commenced. As to the happening of the accident, Edna introduced the testimony of her daughter, who was a passenger in her vehicle. She testified that the van came to a stop, they "got hit from the back," she got out of the van to look at the damage and saw four cars lined up and identified the driver of the fourth car as Hodes. Hodes' deposition was introduced in which he admitted slowing down but then striking the car in front of him.

Neither Duryea nor Harley appeared at trial. Plaintiff sought to read their deposition testimony to the jury. After an extended colloquy between the court and counsel, on Hodes' objection to such readings, which included plaintiffs' counsel's statements of her efforts to produce these witnesses beginning the day before, the Judge ruled:

> [T]here—there has been a proffer made herein by the plaintiffs for certain readings from testimony of John M. Duryee the second and Patricia Harley, and in order to put the—there have been objections posed by the defendant to the reading of those depositions.
>
> . . . .
>
> Now, the facts in this matter are, as I indicated, that prior to jury selection yesterday morning, in open court the defendant voluntarily stipped out the third-party defendants thereby relieving them from any compulsion to testify at that particular junction in time. We are now more than 24 hours subsequent ... and the question before the court: is has there been an appropriate degree of reasonable diligence to obtain the availability of the witnesses before this particular point?
>
> And, again, the question is whether or not the compulsory process of the court through subpoena has been used by counsel with reasonable diligence. By that I mean, with expedition in light of the circumstances presented during the progress of the trial, a trial that was clearly scheduled to continue from yesterday to today, and thereafter.
>
> And in this particular instance, the information that the court has before it at this point is that the proposed ... witnesses have not been subpoenaed nor ...—has

the compulsory process of the court been used expeditiously.... [T]he court finds that that is, indeed, a failure to use reasonable diligence to procure their attendance when it became apparent that they were no longer participants to the litigation and that their testimony might be a critical or important to the plaintiff's presentation of her proofs.

The court finds, therefore, that the standard of reasonable diligence under 4:16–1(c) and under rule 804 have not been pursued ... to procure the witnesses attendance by subpoena. And I might point out that the whereabouts of the third-party defendants were known....

For those reasons, the objection posed by Mr. Gale with respect to the deposition testimony of Harley and deposition testimony of Duryee, that that particular objection is sustained....

Following testimony related to Edna's injuries, Hodes moved for a directed verdict. The judge granted the motion. He reasoned that while Hodes' negligence in striking the car immediately in front of him could reasonably be inferred, the proximate cause between that collision and the striking of Edna's van could not be.

Plaintiffs argue on appeal that the judge erred in forbidding counsel to read relevant portions of the pre-trial deposition testimony of Duryea and Harley. In addition, they assert that even without that evidence, there was sufficient evidence to present the issue of Hodes' negligence and proximate cause to the jury.

Because we agree, reverse and remand for a new trial as to the first point, we find it unnecessary to reach the second issue. We turn our attention to several aspects of the proceedings in the trial court. First, there is no doubt that plaintiff's counsel properly availed herself of the option provided by the Rules of Court to serve upon counsel for Harley and Duryea notices in lieu of subpoena substantially in advance of trial. *R.* 1:9–1. Ordinarily, reliance on the Rule is sufficient to guarantee the attendance of parties at trial for testimony as witnesses. The Rule provides in relevant part:

The testimony of a party who could be subpoenaed may be compelled by a notice in lieu of subpoena served upon the party's attorney demanding that the attorney produce the client at trial.... The sanctions of *R.* 1:2–4 shall apply to a failure to respond to a notice in lieu of a subpoena.

No one has suggested that either Duryea or Harley could not have been legally subpoenaed.[1] The issue raised here is what is the effect of their dismissal as parties on their duty to appear as witnesses under a *R.* 1:9–1 notice in lieu of subpoena. The judge held that they are "relieved of any compulsion to testify." We disagree. The comments to the Rule state:

> Note further, since the party himself is not personally served with a subpoena, it is apparent that the contempt sanction of *R.* 1:9–5 for failure to appear would not be applicable to non-compliance with the demand of a notice in lieu of subpoena. The rule, therefore, makes applicable to that non-compliance the panoply of sanctions provided for by *R.* 1:2–4.
>
> [Pressler, *Current N.J. Court Rules,* comment on *R. 1:9–1* (2003).]

Because sanctions for failure to appear, short of contempt, are applicable to a witness under a notice in lieu, we discern in the structure of the rule an intent that the dismissal of a party to the action under such a notice does not abrogate the former party's duty to appear and testify unless specifically released by the noticing attorney or the judge.

Thus, the duty to appear as a witness embodied in a duly served notice in lieu survives the dismissal of the case against that party. Every party litigant is a potential witness. Professional courtesy suggests the use of notices in lieu where a party is represented by counsel to ensure the presence at trial of the client as a witness. The efficiency and economy embodied in the rule would be lost, if upon dismissal as party, that party can also simply walk away as a witness.

Indeed, this case is a good example of what can happen. Without notice or warning, Harley and Duryea are dismissed as parties in open court on the first day of trial. Believing that she no longer had any hold over them as witnesses, counsel bestirred herself to subpoena them in the relatively short period of time between one session of court and the next session, the following

---

[1] There is a suggestion that the service of a subpoena on a represented party might violate Rule of Professional Conduct 4.2. The issue is not before us, and we do not venture an opinion on the subject.

day. Practical problems of contacting the former parties directly, as well as personally serving them with subpoenas inevitably arose and their counsel, no longer interested in litigation from which they had been excused, were understandably non-committal about their cooperation. We think the situation gave rise to a grave injustice. The courtesy, convenience and efficiency fostered by notices in lieu all went for naught when counsel was required to resort to the formal subpoena process.

Secondly, given the precipitate dismissal of Duryea and Harley and their failure to appear under the notice in lieu, we further hold the judge abused his discretion in failing to admit their depositions under *N.J.R.E.* 804. Under the circumstances here, we hold that counsel exercised "reasonable means" to procure their attendance at trial in the short period of time she had available. *N.J.R.E.* 804(a)(4). She drafted the subpoenas and faxed them for expedited personal service on the witnesses to a subpoena service company; she sought to contact the witnesses directly by telephone and she attempted to enlist the cooperation of their counsel to procure their attendance. All these means failed. Accordingly, both Harley and Duryea were "unavailable" within the meaning of *N.J.R.E.* 804, and their depositions should have been admitted.

There is a similar, but not identical, formulation of the predicate for the admission of deposition testimony of a witness in *R.* 4:16–1(c). Under that rule, if "the appearance of the witness cannot be obtained ... because the party offering the deposition has been unable in the exercise of reasonable diligence to procure the witness's attendance by subpoena," then the court may admit the deposition. Because we have held that the semantic difference between *N.J.R.E.* 804(a) and *R.* 4:16–1(c) does not suggest a difference in the standard of "unavailability," we also hold that counsel exercised such reasonable diligence to subpoena these former parties as was sufficient to warrant the reading of their depositions to the jury under *R.* 4:16–1(c). *Witter by Witter v. Leo,* 269 *N.J.Super.* 380, 391, 635 *A.*2d 580 (App.Div.), *certif.*

*denied,* 135 *N.J.* 469, 640 *A.*2d 851 (1994); *Avis Rent-A-Car, Inc. v. Cooper,* 273 *N.J.Super.* 198, 202–03, 641 *A.*2d 570 (App.Div. 1994).

Finally, the judge failed to consider whether the last sentence of *R.* 4:16–1(c) applied to the facts of this case. That sentence provides:

> The deposition of an absent but not unavailable witness may also be so used if, upon application and notice, the court finds that such exceptional circumstances exist as to make such use desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court.

We were advised at oral argument that Harley and Duryea did not appear at all for trial, even on the first day. Accordingly, even a timely request by plaintiff's counsel to the court or counsel to require them to return the following day to testify at trial was pointless. For that reason, as well as the efforts described above by counsel to formally subpoena Harley and Duryea, we conclude the situation gave rise to the existence of an "exceptional circumstance", given the importance of their testimony, sufficient to admit the reading of their deposition even if they were not "available" within the meaning of the Evidence Rule.

Because evidence central to the presentation of plaintiffs' case was erroneously excluded during the trial, we conclude that a new trial is warranted.

Reversed and remanded for a new trial.