2008 VT 34

**VERMONT HUMAN RIGHTS COMMISSION, Waltraud Kielly, Marilyn McMillan, Jane Thibodeau and Maylene Ventura v. BENEVOLENT AND PROTECTIVE ORDER OF ELKS, Hartford, Vermont Lodge No. 1541**

[949 A.2d 1064]

No. 05-308

*Reiss*, J.

¶ 1. March 14, 2008. Defendant Benevolent and Protective Order of Elks, Hartford Lodge, appeals a jury verdict determining that defendant discriminated against four women on the basis of gender, thereby violating state law, in deny-

ing them membership in the Lodge. Defendant contends that the superior court erred by allowing an undisclosed expert witness to testify on behalf of plaintiffs and by not allowing defendant to present evidence that it admitted female members following the events that led to this lawsuit. We find no merit to these claims and therefore affirm the jury's verdict and the superior court's judgment against defendant.

¶ 2. The facts of this case are set forth in detail in our previous opinion, wherein we reversed the superior court's dismissal of plaintiffs' action and remanded the matter for the trier of fact to determine whether the Lodge was a "place of public accommodation" and thus subject to the anti-discrimination provisions contained in the Fair Housing and Public Accommodations Act (FHPA), 9 V.S.A. §§ 4500-4507. See *Human Rights Comm'n v. Benevolent & Protective Order of Elks*, 2003 VT 104, ¶ 3, 176 Vt. 125, 839 A.2d 576. On remand, following an evidentiary hearing, a jury found in favor of plaintiffs, awarding each of them $1 in compensatory damages and $5000 in punitive damages. After another hearing, the superior court issued a permanent injunction against defendant and denied its motion to amend. On appeal, defendant claims that the court committed plain error or abused its discretion in ruling on the admissibility of certain evidence.

¶ 3. Defendant first contends that the trial court committed plain error or abused its discretion by admitting the testimony of plaintiffs' undisclosed expert. Some background information is helpful to understand this claim of error. Defendant filed a pretrial motion in limine asking the trial court, among other things, to exclude the proffered testimony of one of plaintiffs' witnesses, a certified public accountant who would review defendant's financial operations and testify regarding the source and makeup of its revenues. In its motion, defendant argued

that: (1) the witness's testimony was not relevant to how defendant selected new members, which was the only issue to be determined on remand from this Court's decision; (2) even if evidence of defendant's financial operations was relevant, the danger of unfair prejudice or confusion in presenting such evidence to the jury outweighed any probative value that it might have; and (3) even if the evidence were relevant and not unduly prejudicial, the witness was being offered as a "summary" witness when in fact he was an undisclosed expert witness.

¶ 4. On the morning of the first day of trial before evidence was taken, the superior court considered the arguments of counsel and made a preliminary ruling on the motion. Plaintiffs indicated that the witness would explain to the jury the sources of defendant's revenues based on his review and summary of defendant's own financial documents. They argued that his testimony would not express any opinions and was necessary to make sense of defendant's financial documents. For its part, defendant argued that the financial documents were not particularly complicated and that the witness would usurp the jury's role of sifting through the evidence. At the court's prompting, plaintiffs conceded that the witness was an expert who was replacing another previously disclosed witness no longer available to testify. Plaintiffs reiterated that the only purpose of the witness's testimony was to summarize defendant's financial documents to apprise the jury of their meaning in terms of the sources and makeup of defendant's revenues. The court stated that it would not allow the witness to give an opinion as to whether defendant's financial documents demonstrated that the Lodge was a place of public accommodation. When defendant complained that the witness would be giving opinion testimony concerning the portion of defendant's funding that was derived from public sources, the court

stated that it would exclude the witness's opinions concerning defendant's motivations, but that the jury could evaluate the witness's summary of facts taken from defendant's financial documents.

¶ 5. On the first day of trial, the witness testified that he would use defendant's financial documents to explain to the jury the sources of defendant's revenues. Defense counsel did not object to admission of the various documents and charts proffered by plaintiffs or the witness's testimony that day, but he cross-examined the witness extensively. On the third day of trial, the witness testified further, and defense counsel objected on a few occasions, arguing that the witness was offering expert opinions. The court sustained most of the objections in an effort to limit the witness's testimony to a summary of defendant's revenues and operations based on its financial documents.

¶ 6. Here, on appeal, defendant intermixes several arguments in claiming that the trial court committed plain error by not excluding the witness's testimony. First, he appears to contend that the testimony was irrelevant because this Court limited the issue on remand to the question of whether defendant's process for selecting members resulted in the Lodge being a place of public accommodation. We do not agree that the scope of our remand was so limited. We remanded the case for the trier of fact to determine whether defendant's membership was open to the public — in other words, whether the Lodge was a place of public accommodation. *Elks*, 2003 VT 104, ¶ 3. Although we emphasized that the process for selecting members is the most important factor in determining whether an organization is a public accommodation, we explicitly set forth several other factors that are relevant in making that determination, including the use of the organization's facilities by nonmembers, the marketing of the facilities to nonmembers, and the use of the facilities for

profit. *Id.* ¶¶ 19-20. The witness's testimony was undeniably relevant to those factors.

¶ 7. Second, defendant argues that the witness's responses on direct examination strayed beyond explaining defendant's finances and instead essentially offered expert opinion on whether the Lodge was a place of public accommodation. Again, we disagree. Initially, we note that defendant did not object to most of the witness's responses that it now complains on appeal amounted to expert opinion characterizing the Lodge as a place of public accommodation. Rather, defendant indicated that it had no objection to the various charts offered by the witness, and instead thoroughly cross-examined the witness. Accordingly, defendant waived any argument on appeal that the trial court erred by admitting the testimony. See *State v. Decoteau*, 2007 VT 94, ¶¶ 10-11, 182 Vt. 433, 940 A.2d 661 (concluding that because the defendant failed to object to testimony at the time it was presented, he failed to preserve any objection on appeal); V.R.E. 103(a) (stating that error may not be predicated on admission of evidence unless a party's rights are substantially affected and a specific and timely objection was made and ruled on by the trial court). Defendant states that the court committed plain error, but does not explain why we should apply a plain-error analysis in this civil case. We have indicated that in civil cases we may consider on rare occasions unpreserved constitutional issues involving "a fundamental miscarriage of justice that we cannot overlook." *Varnum v. Varnum*, 155 Vt. 376, 383, 586 A.2d 1107, 1111 (1990); cf. *Decoteau*, 2007 VT 94, ¶ 11 (finding plain error in a quasi-criminal case in which the claims of error implicated both the defendant's constitutional right to confront witnesses and the validity of the entire proceeding). Here, defendant does not even argue that the alleged error meets such a standard, and nothing in the record suggests that it does.

¶ 8. Third, defendant argues that the trial court erred by not excluding the witness's testimony based on plaintiffs' failure to disclose the witness as an expert in violation of Vermont Rule of Civil Procedure 26(b)(4)(A) (stating that a party, by way of interrogatories, may require identification of experts and their expected testimony and may depose those experts). Once again, defendant's argument lacks merit. Although plaintiffs presented the accountant as a "summary witness," they identified the witness and the witness's expected testimony for defendant, who then deposed the witness. Indeed, defendant acknowledges that it was fully aware of the witness's expected testimony and opinions. Based on the deposition, defendant filed a motion in limine, which led the trial court to restrict the scope of the witness's testimony by not allowing the witness to offer an opinion on defendant's motivations or whether the Lodge was a place of public accommodation. As noted, defendant was not surprised by the witness's testimony and, for the most part, did not object to the testimony. Moreover, regarding the only objection that defendant refers to on appeal, the trial court overruled the objection because the witness was merely trying to explain to the jury an amalgamation of financial information submitted into evidence by defendant. In short, if there was any error in not requiring plaintiffs to identify the challenged witness as an expert, defendant has failed to demonstrate undue prejudice. See *Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 11, 176 Vt. 465, 853 A.2d 40 (noting the lack of surprise or prejudice resulting from the challenged testimony, this Court rejected the defendant's argument that the trial court should have excluded certain testimony as undisclosed expert testimony); *Hutchins v. Fletcher Allen Health Care, Inc.*, 172 Vt. 580, 583, 776 A.2d 376, 379 (2001) (mem.) (noting that even if the defendant had technically violated a discovery obligation regarding expert testimony, the violation did not prejudice him).

¶ 9. Fourth, defendant argues that the trial court erred by allowing this testimony when its prejudicial impact plainly outweighed any probative value it may have had. We find this argument unpersuasive. Assuming that defendant properly preserved the argument, the trial court did not abuse its discretion in concluding that the probative value of having the witness summarize complex financial documents for the jury outweighed any potential prejudice to defendant. See *Quirion v. Forcier*, 161 Vt. 15, 21, 632 A.2d 365, 369 (1993) ("The trial court has broad discretion in ruling on [V.R.E.] 403 questions, and review here is only for abuse of discretion."); see also *Boehm v. Willis*, 2006 VT 101, ¶ 12, 180 Vt. 615, 910 A.2d 908 (mem.) (stating that trial courts "enjoy broad discretion in deciding whether to admit or exclude evidence," and that erroneous rulings regarding the admission or exclusion of evidence will be grounds for reversal only if they affected the substantial rights of the appealing party).

¶ 10. Defendant's other principal argument on appeal is that the trial court's exclusion of "post-event" evidence concerning defendant's selection of members unfairly prejudiced defendant and amounted to plain error. Defendant sought to present evidence that, after the period in which it twice denied membership to plaintiffs, it accepted other women as members and placed them in leadership roles. Shortly before the trial began, in considering defendant's request to allow such evidence, the trial court asked why the evidence at trial should not be restricted to the time period of the alleged discrimination. Defendant argued that this Court had remanded the matter for the jury to consider defendant's selection process, and that all time periods, including the present, were relevant to that process. The trial court

disagreed, ruling that the only relevant time period with respect to plaintiffs' lawsuit was the period during which the discrimination allegedly occurred. The court also stated its understanding that any "after-acquired evidence"* would not be admissible to challenge defendant's liability for the alleged discrimination, but would be admissible for purposes of limiting damages — a view with which both parties concurred.

¶ 11. We find no abuse of discretion, and certainly no plain error, in the trial court's decision to limit evidence of discrimination to the time period in which plaintiffs claimed that defendant discriminated against them. Defendant's evidence of later events was, as determined by the trial court, irrelevant to plaintiffs' claims that defendant discriminated against them years earlier. We find unavailing

---

* The after-acquired-evidence doctrine generally is applicable in employment cases when an employer who discharges an employee for an unlawful reason later discovers misconduct that would have been sufficient to justify a lawful discharge. The United States Supreme Court has held that after-acquired evidence does not bar recovery for an employee claiming age discrimination, but must be taken into account in determining the appropriate remedy. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 356-57, 360 (1995). To the extent that the doctrine is even relevant in this case, it does not support defendant's argument that the trial court erred by refusing to allow "after-event" evidence of defendant's selectivity process. In any event, defendant failed to preserve an objection to exclusion of the evidence for purposes of determining either defendant's liability or the appropriate remedy. We also note that, at the post-trial hearing on plaintiffs' request for an injunction, the trial court did consider post-discrimination events at the Lodge.

defendant's argument that the trial court acted inconsistently by allowing plaintiffs to present post-event evidence of defendant's finances. Defendant failed to show any inconsistency in the trial court's rulings and, in any event, has failed to preserve this argument by not objecting to the evidence when introduced.

¶ 12. In sum, defendant has not demonstrated that any of the trial court's evidentiary rulings amounted to reversible error, assuming that there was any error at all. Finally, we grant plaintiffs' post-argument motion to supplement the record on appeal, insofar as defendant has stated that it does not oppose the motion.

*Affirmed.*