*Vermont Human Rights Commission v. Hall*, No. 193-3-13 Wncv (Teachout, J., June 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                             **Docket No. 193-3-13 Wncv**

**VERMONT HUMAN RIGHTS COMMISSION, et al.**
    **Plaintiffs**


    **v.**


**PETER G. HALL, et al.**
    **Defendants**

## DECISION
### Watts Law Firm's Motion for Summary Judgment on Counterclaim

This is a collection action filed by judgment creditors of the Elks Club of Hartford, Vermont. Most plaintiffs in this action were the civil rights plaintiffs, or their attorneys, in the successful discrimination case against the Elks. *Vermont Human Rights Commission v. Benevolent and Protective Order of Elks*, 2008 VT 34, 183 Vt. 606. Defendants are individual Elks members who may be personally responsible for the Elks' liability due to its lack of a corporate charter under the authority of *Daniels v. The Elks Club of Hartford*, 2012 VT 55, 192 Vt. 14.

Plaintiff Attorney Norman Watts of the Watts Law Firm, P.C., and its predecessor, (Watts) defended the Elks until sometime after the Vermont Supreme Court's 2008 decision resolving liability against the Elks. At that point, the Elks quit paying Watts' fees. The representation then ended and Watts obtained a judgment for the value of unpaid fees. In this case, Watts seeks to collect on that judgment. Defendant Peter H. Hall (and no other defendant) filed a counterclaim for legal malpractice, alleging that Watts failed to advise the Elks or its members of the need to reinstate the Elks' corporate charter and the potential consequences—personal liability of individual members—of not doing so.

Watts' summary judgment motion related to the counterclaim is pending. He argues that there is no triable issue that (1) Watts represented the Elks, the unincorporated association, but not its members or officers, and hence he owed no duty to Mr. Hall, and (2) Watts repeatedly advised the Elks to reinstate its corporate charter and thus did not fail to provide that advice.

The Vermont Supreme Court has described the elements of a legal malpractice claim as follows:

> In a legal malpractice action, a plaintiff must prove that the attorney was in fact negligent and that this negligence was the proximate cause of the plaintiff's injury. Generally, negligence by professionals is demonstrated using expert testimony to: (1) describe the proper standard of skill and care for that profession, (2) show that the defendant's conduct departed from that standard of

care, and (3) show that this conduct was the proximate cause of plaintiff's harm. If the alleged negligent conduct is a matter of judgment unique to that profession, the above elements must be established by expert testimony to assist the trier of fact in determining negligence.

There are situations, however, where expert testimony is not needed. Where a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it, expert testimony is not required to assist the trier of fact in finding the elements of negligence.

*Estate of Fleming v. Nicholson*, 168 Vt. 495, 497–98 (1998) (citations omitted).

*Attorney–client relationship*

The court declines to rule on the issue of whether an attorney–client relationship existed between Watts and Mr. Hall individually. There is no retention agreement in the record and other material facts in the record are few. The record is simply too sparse to support a ruling as a matter of law on what could be a nuanced, disputed issue. Given the ruling below, the issue is moot.

*Reinstatement of the Elks' corporate charter*

Mr. Hall's malpractice claim, as alleged in the counterclaim, is that the corporate charter, long lapsed prior to the discrimination dispute, needed to be reinstated to protect Elks members from personal liability, Watts should have so advised the Elks, and he negligently failed to do so. The material facts, however, are clear, undisputed, and singularly support the opposite scenario: Watts advised the Elks to reinstate at the inception of the representation and subsequently as the Elks failed to heed his advice.

See Letter from Norman E. Watts, Esq., to Peter G. Hall 1–2 (dated May 16, 1997) ("I reviewed the secretary of state's website and found that the incorporation expire[d] long ago. It is important for the Lodge to re-incorporate as soon as possible to protect the individual members. . . . If you wish me to perform that function, please let me know. Otherwise, I will assume you are dealing with it."); Letter from Norman E. Watts, Esq., to Peter G. Hall 1 (dated April 6, 1999) (reiterating "concern" that incorporation still had not occurred); Deposition Transcript of Peter Hall at 15, 17, 29, 52–53, 88 (conceding awareness of Watts' recommendation to reinstate the corporate charter).

The thrust of Mr. Hall's response to Watts' statement of undisputed facts appears to be an argument that any advice of Watts on the need to reincorporate was insufficient to make Mr. Hall truly understand the need to do so and the potential consequences of not doing so. See Mr. Hall's Response to Watts' Statement of Undisputed Facts (filed Oct. 23, 2014). The objection appears to be less about the substance of the advice given and more about the manner by which it was conveyed. It does not refute undisputed facts that Mr. Watts gave the advice.

This is insufficient to create a dispute of material fact for purposes of summary judgment.

2

Mr. Hall has not come forward with any expert testimony (or other evidence) establishing an applicable standard of care and a breach. The issue of the extent to which a lawyer is reasonably expected to ensure that a client fully grasps the advice given, or is expected to articulate general advice into specific advice directed to specific persons, in circumstances such as these is not the province of laypersons. Here, Mr. Hall asserts that he did not fully "get it" and then attributes his own inaction to Watts. Such a claim requires expert support that is missing in this case. Watts is entitled to summary judgment on this basis.

## ORDER

For the foregoing reasons, Watts' Motion for Summary Judgment is granted.

Dated at Montpelier, Vermont this ____ day of June 2015.

_____
Mary Miles Teachout
Superior Judge

3