**Hannelore DUTO and Heidi Duto, By Her Next Friend, Hannelore Duto v. Wallace R. MITCHELL and Central Vermont Railway, Inc.**

[609 A.2d 988]

No. 91-366

April 7, 1992. Plaintiffs sued Central Vermont Railway, Inc. (CVR) for personal injuries arising from a car-train collision, and CVR appeals from a Windsor Superior Court judgment in plaintiffs' favor after a jury trial. We affirm in part and reverse in part.

Plaintiffs were passengers in a car that collided with the train, which was backing across a grade crossing in White River Junction in November, 1986. Plaintiffs alleged soft tissue injury and mental suffering. In September 1988, Heidi Duto consulted with Dr. Rocco Addante at the Dartmouth-Hitchcock Medical Center concerning what was then called her temporomandibular joint (TMJ) disfunction. Plaintiff Hannelore Duto testified about the medical and mental effects of the accident on her, but presented no expert medical testimony. The jury awarded Hannelore Duto $13,500 and Heidi $5,000. The present appeal followed.

The trial court should have excluded the deposition of Dr. Addante. V.R.C.P. 32(a)(3) describes five circumstances under which a deposition

may be used by a party for any purpose. The only relevant provision, and the one relied on by plaintiffs, is Rule 32(a)(3)(E), which states in relevant part:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds that the witness . . . (E) is absent from the hearing and the proponent of the deposition has been unable to procure the witness' attendance by process or other reasonable means. . . .

See *Cameron v. Burke*, 153 Vt. 565, 574–75, 572 A.2d 1361, 1366–67 (1990) (citing *King v. Int'l Harvester Co.*, 212 Va. 78, 85, 181 S.E.2d 656, 661 (1971) (construes voluntary and unexplained absence as "procured" absence)). To the same effect, see V.R.E. 804(a)(5); *State v. Lynds*, 158 Vt. 37, 605 A.2d 501 (1991) (letter and phone calls to witness that failed to secure attendance at trial insufficient to establish unavailability). In the present case there was no evidence before the court that Dr. Addante was unavailable.

Plaintiffs argue that defendant orally agreed to introduction of the deposition by the silence—and hence acquiescence—of its counsel, after being advised by plaintiffs' counsel in a telephone conversation shortly before trial of their intention to introduce the deposition. It was plaintiffs alone who were in the best position to prevent a debate at trial over oral waiver and the integrity of counsel by obtaining written agreement of defendant to admission of the deposition. Their assertion of "negative deceit," i.e., silent acquiescence, on the part of defendant's counsel is little more than a concession that defendant never agreed affirmatively to waive its right to require the in-court appearance of Dr. Addante. As the deposition contained evidence that was integral to Heidi Duto's claim, the judgment in her favor must be vacated and the matter remanded for a new trial on damages.

However, there was no error as to the judgment in favor of Hannelore Duto. Defendant concedes that her testimony sufficed as to "the immediate onset of headache, backache and general pain and suffering," but argues that the court should not have refused to limit damages to the time period directly after the accident. This argument boils down to a contention that the court allowed the jury to give excessive weight to this plaintiff's testimony about the effects of the accident. The court properly allowed the jury to determine the weight to be assigned to plaintiff's version of the facts. *Jewell v. Dyer*, 154 Vt. 486, 489, 578 A.2d 125, 127 (1990).

*The judgment as to Heidi Duto is reversed and the matter remanded for a new trial as to damages. The judgment in favor of Hannelore Duto is affirmed.*