2006 VT 101

**Kenneth BOEHM v. Shawn WILLIS**

[910 A.2d 908]

No. 05-265

¶ 1. October 3, 2006. Plaintiff Kenneth Boehm appeals the trial court's denial of his motion for new trial. He contends that the transcript of defendant's expert's deposition testimony should not have been admitted. In addition, he argues that the verdict was contrary to the weight of the evidence and should be set aside. We affirm.

¶ 2. On January 23, 2003, plaintiff Kenneth Boehm was driving to see his physician, Dr. Ronald Woodworth, who had been treating plaintiff for an old injury to his left shoulder. As he attempted to make a left-hand turn, defendant drove into the driver's side of plaintiff's car, propelling plaintiff's car head-on into a large tree. Plaintiff was taken to a local hospital, treated for a left shoulder contusion, and released. Plaintiff continued treatment with Dr. Woodworth after the accident for the left shoulder injury and other injuries.

¶ 3. After the accident, plaintiff's insurer asked him to visit the insurer's physician, Dr. Vinay B. Das, for an independent medical examination (IME). Dr. Das, a doctor of internal medicine, performed the IME at his office in Albany, New York on April 17, 2003. Dr. Das then wrote a report concluding that, in his opinion, plaintiff's "left shoulder contusion that is related to the motor vehicle accident . . . has completely resolved." He also concluded that plaintiff's "current symptomatology is due to the pre-existing medical condition in his left upper extremity . . . I do not think that the motor vehicle accident of January 23, 2003 resulted in any aggravation of his pre-existing condition. . . . In my opinion, the claimant has reached a pre-accident status."

¶ 4. In October 2003, plaintiff commenced the instant tort action for damages. In December 2003, the court approved a stipulated discovery schedule that required defendant to disclose his expert witnesses, if any, by October 1, 2004.

¶ 5. Plaintiff disclosed Dr. Das's report on August 20, 2004, as part of his responses to defendant's discovery requests. On October 26, 2004, one day after the parties attempted unsuccess-

fully to resolve the case through mediation, defendant wrote to plaintiff to request the depositions of Dr. Das and Dr. Woodworth, plaintiff's disclosed expert witness. Receiving no response from plaintiff, on November 18, 2004, defendant advised plaintiff that Dr. Das would be defendant's expert witness at trial and filed a notice of "the videotaped trial preservation deposition" of Dr. Das. The next day, plaintiff moved for a protective order based on the fact that defendant disclosed Dr. Das as his expert after the October 1 deadline in the stipulated discovery schedule. The court denied the motion, noting that, unlike the typical situation where "a party hires an expert … and then neglects to inform opposing counsel," here "the expert and his conclusions were first known to Plaintiff, not the Defendant. Plaintiff has been aware of the expert's opinion for some time." Accordingly, the court held that any prejudice to plaintiff was minimal.

¶ 6. Prior to the December 15 deposition, defendant had advised plaintiff that Dr. Das refused to be recorded on video. The deposition took place in Dr. Das's office on December 15, 2004, and was recorded stenographically. A week later, plaintiff moved to exclude Dr. Das's deposition at trial because it was not videotaped as noticed and because, as defendant's expert, Dr. Das was required to testify in open court. Defendant argued that because Dr. Das was unavailable under Rule 32 of the Vermont Rules of Civil Procedure, his deposition testimony should be admitted. The court deferred ruling on the availability of Dr. Das until the deposition was offered at trial, at which point the court would consider defendant's efforts to secure Dr. Das's appearance at trial.

¶ 7. Shortly before Dr. Das's deposition, the court set February 1, 2005, for jury draw, with the trial to take place on February 9-11. On January 5, 2005, defendant moved to continue the jury draw,

and the court granted the motion on January 20 and noticed jury draw for March 15, 2005 and trial for March 28-30, 2005.

¶ 8. Before the change in trial date, defense counsel wrote to Dr. Das, requesting that he agree to travel to Vermont to appear at trial for the February trial dates. Defense counsel advised Dr. Das that "[w]e expect the Judge will rule that under Vermont law the deposition is admissible only if you are 'unavailable.'" The letter explained counsel's expectation that the court would consider whether Dr. Das was subject to a subpoena and willing to appear voluntarily in determining his availability. Dr. Das replied, by letter dated January 20, 2005, that he did not own a business or residence in Vermont and that he would not appear voluntarily because he was unable to arrange adequate coverage for his busy medical practice "during the trial period."

¶ 9. On February 4, 2005, defendant moved to admit Dr. Das's deposition testimony because Dr. Das was unavailable. The court granted the motion, reasoning that Dr. Das's refusal to appear at trial combined with the fact that he was beyond the court's subpoena power rendered him unavailable. On the first day of trial, plaintiff renewed his motion to exclude the deposition testimony and also moved to exclude the testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (describing the trial court's function as a gatekeeper in cases involving complicated scientific testimony). The court denied both requests, and Dr. Das's deposition was read to the jury at trial.

¶ 10. At trial, plaintiff, his wife, and Dr. Woodworth testified for plaintiff, and Dr. Das's deposition was the only testimony advanced by defendant. After hearing the evidence and arguments of counsel, the jury was given a special verdict form. The first question asked, "Do you find

that the motor vehicle accident on January 23, 2003 was the proximate cause of injury to Plaintiff?" The jury answered in the negative, and the court entered judgment for defendant on March 31, 2005. Plaintiff then moved for a new trial, which the court denied. This appeal followed.

¶ 11. On appeal, plaintiff advances the same three arguments he made in his motion for a new trial: (1) it was error to admit Dr. Das's deposition testimony because it was not given in open court as required by Rule 43 of the Vermont Rules of Civil Procedure; (2) the court should have excluded Dr. Das's testimony under *Daubert*; and (3) the verdict was contrary to the evidence. We reject plaintiff's arguments and affirm.

¶ 12. Trial courts enjoy broad discretion in deciding whether to admit or exclude evidence. *State v. Oscarson*, 2004 VT 4, ¶ 13, 176 Vt. 176, 845 A.2d 337. We will not disturb the trial court's admission of Dr. Das's deposition testimony over plaintiff's Rule 43 and *Daubert* arguments unless that decision was an abuse of discretion resulting in prejudice to plaintiff's "substantial rights." V.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error ... which does not affect the substantial rights of the parties."); see also V.R.E. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected ...."); *In re B.S.*, 163 Vt. 445, 454, 659 A.2d 1137, 1143 (1995) ("The erroneous admission of evidence is grounds for reversal only if a substantial right of the party is affected."). The court's decisions rejecting plaintiff's arguments were both well within its discretion.

¶ 13. First, we turn to plaintiff's argument that admitting Dr. Das's deposition testimony violated Rule 43(a), which provides that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules, the Vermont Rules of Evidence, or other rules adopted by the Supreme Court." V.R.C.P. 43(a). Under Rule 32(a)(3)(E), deposition testimony may be used at trial "for any purpose if the court finds that the witness ... (E) is absent from the hearing and the proponent of the deposition has been unable to procure the witness' attendance by process or other reasonable means. A deponent is not unavailable as a witness if the ... absence is due to the procurement or wrongdoing of the proponent of the deposition ...." *Id.* 32(a)(3)(E). Thus, if the court properly determined that Dr. Das was unavailable under Rule 32(a)(3)(E), then defendant was not required by Rule 43(a) to present his testimony live in open court because the admission of his deposition testimony was otherwise provided by Rule 32(a)(3)(E).

¶ 14. Plaintiff argues that defendant did not utilize "reasonable means" to procure Dr. Das's presence at trial because defendant made no attempt to arrange for Dr. Das to appear after the trial was rescheduled. As the court noted, however, in denying plaintiff's renewed motion to exclude on the morning of trial, Dr. Das had already indicated he would not attend the trial voluntarily and he was beyond the court's subpoena power. Those observations were supported by the record — in his letter refusing to attend the trial, Dr. Das cited his busy medical practice and inability to provide adequate coverage for his patients in his absence. Although the better practice would have been for defendant to inquire about Dr. Das's availability after the trial was rescheduled, there was no indication that Dr. Das would be any more willing or able to make himself available for the rescheduled trial dates. Thus, the court properly exercised its discretion in concluding he was unavailable under Rule 32(a)(3)(E) and in admitting his deposition testimony.

618

¶ 15. Plaintiff also argues on appeal that defendant "suggested" to Dr. Das a way to make himself unavailable when defendant laid out his expectations as to the court's analysis of the issue, such that defendant essentially procured his absence. See Rule 32(a)(3) ("A deponent is not unavailable as a witness if the ... absence is due to the procurement or wrongdoing of the proponent of the deposition . . . ."). Plaintiff did not make this claim in his opposition to defendant's motion to admit the deposition testimony, nor did plaintiff's counsel raise it orally when he renewed his motion to exclude the deposition on the first morning of trial. Plaintiff's failure to present this argument to the trial court operates as a waiver on appeal. *Hudson v. Town of East Montpelier*, 161 Vt. 168, 180, 638 A.2d 561, 569 (1993). Accordingly, we decline to address it.

¶ 16. Finally, the cases cited by plaintiff are unavailing. For example, in *Cameron v. Burke*, this Court upheld the trial court's ruling that the defendant was not unavailable for purposes of Rule 32(a)(3)(E) because she decided not to appear at a trial in which she was a party. 153 Vt. 565, 574, 572 A.2d 1361, 1366 (1990); accord *King v. Int'l Harvester Co.*, 181 S.E.2d 656, 661 (Va. 1971) (holding that out-of-state plaintiff had procured his own absence at trial of his case where record contained "no intimation" that his absence resulted from "any reason other than his own volition"); see also *Avis Rent-A-Car, Inc. v. Cooper*, 641 A.2d 570, 572 (N.J. Super. Ct. App. Div. 1994) (holding that plaintiff Avis was obligated to produce in person its employee who was designated to testify on behalf of the company). By contrast, Dr. Das is not a party, nor was he retained by or otherwise related to either party. In *Duto v. Mitchell*, on the other hand, there was no evidence before the trial court that the witness whose deposition was admitted under Rule 32(a)(3)(E) was

unavailable. 158 Vt. 653, 654, 609 A.2d 988, 989 (1992) (mem.). Here, Dr. Das's letter indicates that he was indeed unavailable.

¶ 17. Nor is this case controlled by *State v. Lynds*, in which we held that the trial court erred in admitting the deposition testimony of the State's expert witness. 158 Vt. 37, 41-42, 605 A.2d 501, 503 (1991). The prosecutor's efforts to secure the expert's attendance at trial consisted of a letter and two telephone messages advising the expert of the trial date. The prosecution, however, did not make contact with the expert until two days before trial, at which point it learned that she was unavailable during the trial dates. We ruled that the prosecution did not make a reasonable attempt to procure the expert's attendance but "limited its effort because it assumed that [the expert] would testify." *Id.* at 41, 605 A.2d at 502-03. Unlike the instant case, in *Lynds* there was no indication that the State's expert was beyond the court's subpoena power. Additionally, unlike the facts in *Lynds*, Dr. Das's deposition was noticed specifically as a trial preservation deposition, and defendant learned of Dr. Das's refusal to appear in a timely fashion, so that both parties knew about it well in advance of trial.

¶ 18. We turn next to plaintiff's contention that Dr. Das's testimony was not admissible. The trial court ruled correctly that plaintiff's arguments for excluding Dr. Das's testimony all went against the weight of Dr. Das's testimony, not its admissibility. Plaintiff provided no authority here or in the trial court for the contention that Dr. Das was not qualified to opine about the status of plaintiff's injury simply because he lacked a specialty in neurology or orthopedics. Plaintiff was free to make that argument to the jury as a reason to give less weight to his opinion. Plaintiff claims that the fifteen-minute examination and the limited medical records supplied to

Dr. Das formed an insufficient basis on which to base an opinion. Again, these claims go to the weight to be assigned to Dr. Das's opinions, and plaintiff was free to argue them to the jury based on Dr. Das's testimony. Additionally, plaintiff's claim that Dr. Das reviewed only the documents provided by the insurance company is especially weak given that plaintiff could have provided Dr. Das with any and all of his medical records.

¶ 19. The decision whether to grant a motion for a new trial is within the trial court's discretion. *Hardy v. Berisha*, 144 Vt. 130, 133, 474 A.2d 93, 95 (1984). In reviewing the trial court's decision, "we will view the evidence in the light most favorable to the verdict and will accord the trial court 'all possible presumptive support.'" *Lent v. Huntoon*, 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983) (quoting *Gregory v. Vermont Traveler, Inc.*, 140 Vt. 119, 121, 435 A.2d 955, 956 (1981)). Accordingly, we will affirm a jury verdict when it can be justified on any reasonable view of the evidence. *Clement v. Woodstock Resort Corp.*, 165 Vt. 627, 629, 687 A.2d 886, 888 (1996) (mem.). In doing so, we presume that the jury has followed the trial court's instructions. *Brown v. Roadway Express, Inc.*, 169 Vt. 633, 635, 740 A.2d 352, 355 (1999) (mem.).

¶ 20. Plaintiff's arguments on appeal amount to a second try at a closing argument. He merely points to the evidence militating in his favor, without explaining the evidence that cut against him. For example, there was evidence that plaintiff reported the same pain level in his left shoulder just before and after the accident. And, of course, the evidence included Dr. Das's opinion that plaintiff had already returned to pre-accident status by the time Dr. Das examined him. Moreover, there was evidence that plaintiff denied his pre-existing condition during his post-accident emergency room visit and during his deposition, which might have undermined plaintiff's testi-

mony concerning new injuries resulting from the accident. Thus, the jury could have reasonably concluded that the accident caused no new injury beyond plaintiff's pre-existing condition. Accordingly, plaintiff's motion for a new trial failed to overcome the presumption in favor of the verdict, and the trial court properly denied it. *Pirdair v. Med. Ctr. Hosp.*, 173 Vt. 411, 416, 800 A.2d 438, 443 (2002).

*Affirmed.*