Filed 05/17/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT  05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-01117

---

**Daniel Shaffer v. Northeast Kingdom Human Services, Inc.**

---

## ENTRY REGARDING MOTION

Title:           Motion in Limine; Motion in Limine; Motion; Motion Fourth ; Regarding Lay
Witness Opinion Evidence; to Allow Remote Testimony of Joseph Pappas; to Use Deposition
Testimony at Trial for Certain Witnesses, V.R.C.P. 32 (Motion: 20; 23; 24; 25)
Filer:           Alexander M. Dean; Alexander M. Dean; Richard J. Windish; Alexander M. Dean
Filed Date:    May 07, 2024; May 14, 2024; May 15, 2024; May 15, 2024

The motion is GRANTED IN PART and DENIED IN PART.

The parties have filed several motions in limine concerning expert opinions and testimony of witnesses.  While the Court has dealt with the testimony of Dr. Sher in a separate Entry Order and the disclosure of settlement in another, the Court will address the remaining current motions, which the Court understands to be the following: Motion #20: Plaintiff's Motion in Limine on Expert Causation Opinion; Motion #23: Defendant's Motion in Limine on Lay Witness Opinion; Motion #24: Motion to Allow Remote Testimony of Joseph Pappas; Motion #25: Motion to use Deposition Testimony at Trial.

1. *Motion in Limine on Expert Causation*

Plaintiff Shaffer seek to block any and all opinion evidence on the issue of causation. Defendant NKHS states that it does not intend to seek causation opinions from their own experts, but it seeks to preserve the right to cross examine Plaintiff's experts and witness on their causation opinions and prior opinions on hypotheticals that these experts have previously offered and may offer in their direct testimony.

Defendant has a right to cross examine on issues raised during a witness' direct testimony. Defendant also has a right to examine a witness's prior statements either for purposes of evidence or impeachment.  V.R.E. 613, rptr. n. ("[Rule 613] lays down conditions for use of prior statements either as a basis for cross-examination or as evidence.").

Plaintiff's request for a blanket prohibition on expert opinion regarding causation is simply too broad for purposes of a motion in limine. *State v. Dubois*, 150 Vt. 600, 602 (1988). The concerns raised by Plaintiff are better addressed at trial and in the context of specific testimony and proffers. The motion is **Denied.**

2. *Motion in Limine on Lay Witness Opinion*

Defendant NKHS seeks to preclude any and all hypothetical lay witness opinion from Plaintiff Daniel Shaffer and Michael Montgomery, an employee of NKHS. As the parties note, lay witness opinion is governed by V.R.E. 701, which requires three foundational elements: (1) the opinion be based on the rational perception of the witness; (2) the opinion is helpful to understand the witness' testimony or the determination of a fact issue; and (3) it is not based on scientific, technical or other specialized knowledge. V.R.E. 701.

As the Second Circuit has noted when examining this issue, the question of admissibility of lay witness opinion is both a fact-specific inquiry and a matter of degree. *United States v. Cuti*, 720 F.3d 453, 458 (2d Cir. 2013). In this case, the scope of opinion as outlined in Defendant's motion is limited and appears tied to the witnesses' personal experiences. Mr. Shaffer provided care to Jared during his life and as his guardian, it would not be unreasonable or unhelpful to ask him what he would have done if he had known either of Jared's condition or his refusal to be tested. Similarly, Mr. Montgomery's experience in the position would appear to give him experience in dealing with clients' medical issues, and he is familiar with what steps his agency would take in certain cases.

As such, a motion in limine is improper in this instance as the testimony described could be admissible. This denial has two caveats. First, nothing in this decision establishes the right to such testimony as a matter or law or alleviates Plaintiff's obligation to establish the foundational requirements of V.R.E. 701 before such testimony is sought. Second, the relevancy of this line of questioning is limited. While the Court can envision such testimony as defining the process that would have followed if they had the additional evidence, the Court anticipates that the benefit would not continue beyond a party's initial hypothetical response.

For these reasons, Defendant NKHS' motion in limine regarding lay witness opinion is **Denied.**

3. *Remote Testimony of Joseph Pappas*

Plaintiff seeks to allow Joseph Pappas testify remotely. Mr. Pappas is a non-party witness who lives several hours from the courthouse and is expected to provide a limited amount of testimony. The courthouse in St. Johnsbury is adequately equipped with large screens and relatively fast internet connections. The Court has found the use of web ex for witnesses to be effective to allow both direct and cross examination of a witness. Under Rule 43.1, the Court finds that factors (1), (3), (6), (7), (8), (9), (10), and (13) are satisfied under the present facts and circumstances, and the remaining factors are either inapplicable or do not outweigh the reasonableness of the request. For these reasons, Plaintiff's request is **Granted.**

4. *Motion to Use Deposition Testimony*

Plaintiff's final Motion has three parts. Plaintiff seeks to have a determination that Dr. Sher is unavailable for trial. Plaintiff also seeks a determination that three former Heartbeet employees are unavailable. If so declared, Plaintiff further seeks permission to use their depositions under V.R.C.P. 32 at trial. *Nichols v. Brattleboro Retreat*, 2009 VT 4, ¶ 7 (holding that the trial court must make a determination that a witness is unavailable before allowing the admission of a deposition in lieu of live testimony under V.R.C.P. 32(a)(3)(E)). The final request in Plaintiff's motion is to allow the deposition transcripts to be shown to the jury through both non-stenographic means as well as slide projections.

Taking Dr. Sher's situation first, the Court has already ruled that Dr. Sher is unavailable due to his current medical situation. V.R.C.P. 32(a)(3)(D). This determination is based on two letters from Dr. Sher's medical providers who state in no uncertain terms that Dr. Sher is currently hospitalized, having acute mental health issues, and is unable to provide live or remote testimony for the trial and the immediate, foreseeable future. As an unavailable witness, Dr. Sher's deposition may be used by the parties in whole or part, subject to specific objections. V.R.C.P. 32(b).

As to the three former Heartbeet employees, the record is less clear. First, none of the three witnesses are unavailable for death, medical, or health reasons. Second, the three witnesses live outside the state of Vermont, and they are not subject to the jurisdiction of Vermont or the subpoena power of V.R.C.P. 45. Third, Plaintiff has represented, and the Defendant does not dispute, that neither New York, nor Oregon, where the parties live permit or enforce subpoenas from other jurisdicitons compel a non-party witness to attend a trial.

Under Rule 32(a)(3)(E), the Court must make a finding and determination of unavailability. *Nichols*, 2009 VT 4, at ¶ 7. As *Nichols* notes the strong preference in Vermont and in any state is for live, in-person testimony. Id. at ¶ 6 (citing V.R.C.P. 43(a)). To be eligible for the exception to this general rule, a party seeking a ruling of unavailability must demonstrate that the witness is (1) absent or likely to be absent from the hearing, and that the proponent has (2) been unable to procure the witness' attendance by process or other reasonable means. V.R.C.P. 32(a)(3)(E).

The dispute in this case is not along element (1), it lies with whether Plaintiff has employed process or other reasonable means to secure the witnesses. In this respect, the sole issue is whether Plaintiff engaged in reasonable diligence, which must be read into the rule as an element compliance with the second prong. *Williams v. Johnson*, 278 F.R.D. 1, 5 (D.Ct. D.C. 2011).

In this respect, the Defendants note that despite the fact that this case was originally filed in federal court nearly seven years ago and then filed in state court three years ago, and despite notice from the Court that it was setting this matter for trial in the fall of 2023, which became the winter of 2023–24, and despite the knowledge in the early part of 2024 that the trial was moving forward, Plaintiff did not begin to inquire about the three witnesses until one month before trial and has, to date, not issued any subpoena or attempted to serve the witnesses with any process to compel.

In response, Plaintiff has pointed to conversations and exchanges with Attorney Pocius who represented and continues to represent the individual parties. Plaintiff also points to the futility of any effort to subpoena the witnesses through state or out of state process. In this respect, the facts, of the present case are distinguishable from *Williams*. While both cases arguable involve efforts close to trial to secure the testimony of a non-party witness, the party seeking to have the witness deemed unavailable in *Williams* only started the subpoena process 8 days before trial, and there is no evidence that the witness was beyond the subpoena power of the Court or otherwise unavailable apart from a desire not to testify. *Williams*, 278 F.R.D. at 3 (noting the timeline of the subpoena and the fact that the witness lived within the district court's jurisdiction). In this case, Plaintiff did begin the process of obtaining the four witnesses at a late date but still earlier than the week before trial.

Nevertheless, the controlling issue here is not necessarily the time when Plaintiff started to seek to secure witness attendance, but the availability of process or other means to obtain the witnesses' testimony. In this respect, Defendant has not pointed to any process or mechanism where Plaintiff could have compelled the witnesses, given that neither New York nor Oregon have

provisions that would allow a Vermont subpoena to compel attendance at a trial to be domesticated and served on the witnesses that would be legally binding or enforceable.[1] Plaintiff has represented, and the record demonstrates, that he did seek to secure the witnesses' testimony through their counsel, who also represented the former Defendant Heartbeet and agreed to have them testify remotely under V.R.C.P. 43.1. These efforts were unsuccessful, which leaves the question of what else Plaintiff could have done to secure the appearance of these witnesses for trial, even if Plaintiff had started 60 days before trial. See *Saget v. Trump*, 351 F.Supp.3d 251, 256 (E.D.N.Y. 2019) (allowing use of depositions where witnesses refused to attend and were beyond the subpoena power of the court).

Defendant notes that notwithstanding any limitations on securing a witness' appearance through agreement or subpoena, Plaintiff still had recourse to noticing a trial deposition at some point prior to present week before trial. Defendant's argument is that a trial preservation deposition would have been enforceable and with some effort, could have been secured. This argument, while practically valid, raises an issue. Can the Court prevent the use of a discovery deposition under V.R.C.P. 32(a)(3)(E) because the proposing party failed to take and secure a trial preservation deposition? The answer begs the question of whether one type of deposition is legally superior to another. In other words, can the Court block the use of one deposition (an earlier discovery deposition) for failure to seek or obtain another deposition (trial preservation)?

While there is a difference in the quality and nature of such depositions, Rule 32 does not distinguish between depositions taken for different purposes. Rule 32 does not contemplate the exclusion of one deposition for lack of another, and in fact, courts have held that the failure to allow a discovery deposition because it was not a trial preservation deposition is reversable error. *Battle ex rel. Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 551–52 (5th Cir. 2000). Thus, the Court must reject the distinction offered by Defendant as inconsistent with the rules. While there may be multiple reasons to secure a trial preservation deposition after it becomes apparent that a witness not available, and while the Court would like favor such a deposition over an earlier discovery

---

[1] While Defendant notes that there was no exploration of a subpoena to compel remote testimony, this is an issue where the rules and statutes have not caught up to the technology. Defendant does not cite, nor could the Court find where either New York or Oregon has adopted any power to compel or enforce a motion for a non-party witness to attend a civil trial through remote means. While such changes are likely to come as remote technology improves and becomes more widely used, the rules do not recognize this distinction or provide a mechanism to secure testimony through this method.

deposition, the absence or failure to secure one does not affect or preclude the use of the other so long as the issue of availability has been resolved.

For these reasons, the Court concludes that the witnesses are unavailable for the purposes of Rule 32(a)(3)(E), and Plaintiff may introduce their depositions at trial in lieu of their direct testimony.

The last issue is Plaintiff's request to have slides prepared from the deposition transcripts and projected on a screen for the jury to see either during the introduction of the deposition and/or during any argument. Defendant objects. The Court will not allow slides or any other demonstrative exhibit or projection of the depositions. Rule 32 allows depositions to be used for testimony, but the Rule is only intended to allow this as a substitute when live testimony is unavailable or impossible. Given that no other testimony in this trial will have projected portions broadcast for the jury, it would be prejudicial to allow it for the depositions.[2]

Therefore, the Court will not permit Plaintiff to use slides or other visual depictions, which will have the effect of emphasizing or improperly elevating deposition testimony over live testimony. Plaintiff may introduce the depositions in one of the two ways. If any of the depositions were recorded by non-stenographic means, that video may be played to the jury to present the testimony. If the depositions were not recorded in such a manner, the depositions will be read into the record. The attorneys may read the questions consistent with either their roles in the deposition or their position in the trial. Court staff shall read the witnesses' responses into the record in response.

## ORDER

The Court grants and denies the pending motions as follow: Motion #20: Plaintiff's Motion in Limine on Expert Causation Opinion is **Denied.** Motion #23: Defendant's Motion in Limine on Lay Witness Opinion is **Denied.** Motion #24: Motion to Allow Remote Testimony of Joseph Pappas is **Granted.** Motion #25: Motion to use Deposition Testimony at Trial is **Granted in part** and **Denied in part.** The four witnesses for which Plaintiff seeks to introduce their deposition testimony are hereby deemed unavailable under V.R.C.P. 32(a)(3)(D) and (E). Their depositions may be used in lieu of their testimony at trial under Rule 32 and subject Rule 32(b) objections.

---

[2] If the parties come to an agreement about demonstrative exhibits to allow snippets of any testimony, the Court may revisit this decision at trial for the limited purpose of closing arguments and to the extent that the parties would seek to have the deposition transcripts treated in a similar fashion to live testimony.

Plaintiff may not use visual slides or other demonstrative exhibits of the deposition transcripts to visually display the witnesses' testimony. The depositions may either be played into the record if recorded in an non-stenographic manner, or if not, then read into the record in a manner consistent with this decision.

Electronically signed on 5/17/2024 12:26 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge