Vermont Superior Court
Filed 04/16/24
Lamoille Unit

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-03852

| Aaron Mayer v. Mt Mansfield Company, Inc , et al |
|---|

## ENTRY REGARDING MOTION

Title:  Motion to Compel  (Motion: 5)
Filer:  Nicholas J. Seldon
Filed Date:  March 19, 2024

The motion is GRANTED.

The present motion to compel concerns Plaintiff Mayer's efforts to depose Gary Gendimenico, an employee for Defendant VR US Holdings II, LL, the owner and operator of the Stowe Mountain Resort.  The issue between the parties is whether Mayer may ask for Gendimenico's opinion about a walking path under V.R.E. 701.  For the reasons laid out below, the Court **grants** Plaintiff's Motion.

*Background*

This matter concerns an alleged slip and fall that occurred on Defendant's property in December 2019.  Plaintiff alleges that he was walking from a gondola lift station back to his car when he slipped and fell on a patch of ice and injured his knee and back.  Defendant has asserted, among other defenses, that Plaintiff was not walking on an established or maintained pathway.

On March 19, 2024, Plaintiff started the deposition of Gary Gendimenico, a 24-year employee of Stowe Mountain Resort, who, as Senior Lift Operations Manager, was in charge of the lift operators and lift terminals at the Resort at the time of Plaintiff's fall.  After establishing Gendimenico's background and experience and familiarity with the property, Plaintiff also established that Gendimenico had reviewed the map that Mayer had created purporting to show his route of travel from the gondola to his fall.  Plaintiff's counsel then asked Gendimenico, "What opinions did [he] make about the walking route that Mr. Mayer and his family took to the gondola?" (Pltf. Ex. 1, at 15:8–10.)

Following this question, counsel for the Defendant objected and instructed the witness not to answer the question or any other questions about his opinion.  Plaintiff's counsel asserted the

right to ask such questions under V.R.E. 701.  Defendant's counsel then made an objection under V.R.C.P. 26(b)(2)(B).[1]  Defendant's counsel offered to continue the deposition but stated that he would continue to instruct Gendimenico not to answer any questions about any opinions he might or might not have concerning the incident and walkway.  Plaintiff, stating that Defendant had no right to instruct the deponent not to answer ended the deposition and has filed the immediate motion to compel.

*Legal Analysis*

While both parties have framed the present issue as a question of admissibility under V.R.E. 701, the Court must begin its analysis with the rules governing discovery and depositions.  This is because the issue of admissibility is not properly before the Court and is generally not an issue during the process of taking a deposition, except when the Rules require the assertion of an objection to preserve or to give the opposing party an opportunity to course correct.  See *Nichols v. Brattleboro Retreat*, 2009 VT 4, ¶ 8 (noting that parties, unless they stipulate to the contrary do not have an affirmative obligation to raise an objection during a deposition because it remains the proponent's burden to establish the foundation for the admission of the deposition).

The relevant rules governing depositions may be found at V.R.C.P. 26, 30, and 32.  Rule 26, particularly subsection (b), sets out the general scope of discovery and available limitations to enforce this scope.  Rule 30 governs the process of depositions, and Rule 32 governs the use and purpose of depositions.  Defendant defines the scope of its objection under V.R.C.P. 26(b)(2)(B). This section, however, is a more general limitation to the scope of discovery, and it must be read in conjunction with the more specific objection provisions that are found in Rule 30(d), which covers what kind of objections may be lodged during a deposition, and Rule 32(d), which addresses the effect of objections or other errors and irregularities in depositions.

Under V.R.C.P. 30, an examiner has discretion to ask a broad range of questions so long as they are relevant to the subject matter of the action. WRIGHT & MILLER, 8A FED. PRAC. & PROC. (CIVIL) § 2113 (3d ed.) (2022 update). Unlike at trial, where an adverse party is limited to the scope

---

[1] Rule 26(b)(2)(B) has three subparts.  Discovery may be limited under this section if (i) the discovery sought is unreasonably cumulative or duplicative; (ii) party has already had ample opportunity to obtain the information; or (iii) the proposed discovery is outside the scope permitted under Rule 26(b)(1) (relevant, nonprivileged, proportional to the needs of the case, and the benefit outweighs the burden).  Of these three categories, Defendant only seems to be contending, and the record appears to only support an objection premised on 26(b)(2)(B)(iii).

of the direct examination, an "examiner may ask about anything relevant to the subject matter of the action, regardless of whether it was raised on direct examination." Id.

Under the Rules, a party seeking to object during a deposition must state the objection in a concise and non-argumentative and non-suggestive manner. V.R.C.P. 30(d)(1). The objecting party may instruct a party not to answer in only three circumstances: (1) as necessary to preserve a privilege; (2) to enforce a court-ordered limitation on evidence; or (3) to make a motion that the deposition is being done in bad faith. V.R.C.P. 30(d)(1), (3). In the present matter, Defendant's instructions not to answer do not appear to fall into any one of these three reasons. The question of Gendimenico's opinion is not a matter of privilege. It is not subject to a court ordered limitation. There is no allegation or evidence of bad faith in Plaintiff's questions. Instead, Defendant's objection appears to be one of relevance and admissibility.

To the issue of relevance, the Court cannot, at this time, make any determination of whether Gendimenico's opinion is relevant because it has not been stated, and there has not been a proffer to the substance. Given his experience and familiarity with the site, it is not unreasonable to understand that Gendimenico could have a relevant opinion about the condition, care, or suitability of the area for walking, but until an opinion is rendered, the Court cannot rule on the relevance.

As the parties' briefs indicates, the bulk of their dispute centers on whether Gendimenico's opinion, as a fact witness, is admissible under the limitations and elements of V.R.E. 701. This issue, however, is also premature. The 1996 Reporter's Notes to Rule 32 states that "Objections during a deposition should ordinarily be limited to those that would be waived under Rule 32(d)(3) if not timely made." V.R.C.P. 32, rptr. n. 1996.

In this case, the parties had agreed at the outset to stay any objections except to form and privilege. (Pltf. Ex. 1, at 3:14–16.) This practice is generally consistent with the Rules of Civil Procedure and its specific discovery provisions under Rule 32. As Wright & Miller notes:

> Rule 32(b) must be read in connection with Rule 32(d)(3), dealing with objections as to the taking of a deposition. Taken together these provisions make it clear that if the matter offered is within the scope of discovery, objection to its admissibility as evidence should be made at the trial or hearing when the deposition is offered in evidence and not at the taking of the deposition, unless the ground of the objection is one that might have been obviated or removed if made when the deposition was being taken.

> WRIGHT & MILLER, 8A FED. PRAC. & PROC. (CIVIL) § 2151 (3d ed.) (2022 update).

Defendant's objection regarding Gendimenico's opinion testimony falls under Rule 32(d)(3)(A) in that it goes to the question of competency, relevancy, or materiality of Gendimenico's statements.[2] This objections under relevancy and V.R.E. 701 admissibility may in fact prove valid, but it has been made at the wrong time.

Notwithstanding a stipulation between parties or the general rule that most objections may be raised after the deposition, the section quoted above also highlights that a certain category of objections must be addressed at the time, or they are waived. V.R.C.P. 32(d)(3)(B). Under this provision, errors and irregularities occurring at the deposition must receive a seasonable objection or be considered waived. This includes "errors of any kind which might be obviated, removed, or cured if promptly presented . . . ." Id.

The Vermont Supreme Court has accepted that Rule 32(d)(3)(B) extends to answers that a party may later seek to limit as speculative or conclusory. *State v. Koveos*, 169 Vt. 62, 68 (1999). As the Court noted in *Koveos*, "we believe defendant had an obligation to make an objection, or motion to strike, at the time of the deposition to give the witness an opportunity to reframe the answer." Id. (citing to both federal and state cases in support). While the Court also suggests that these objections may be renewed in either a motion in limine and at trial, the plain language of Rule 32(d) indicates that if they are not raised at the deposition, then they may be waived.

In looking at both this category of waivable objections alongside the general rule, there are several points that inform this distinction. Parties take depositions for a variety of purposes, some of which do not involve admission of the deposition at trial. The question of admissibility is dependent, in large part, on the purpose for which the deposition is offered. For these reasons, issues of admissibility or conformance with the rules of evidence are best saved for the pre-trial or trial process when a protective order, motion in limine, or objection to admission can focus on the specific offer, issue, and rule of evidence.

At the same time, there are other issues that involve the foundation of statements within a particular deposition that the examiner may have inadvertently omitted or is assuming for the purposes of the question. If an objection to such speculative or conclusory issues is made in a timely manner, the parties can make a correction in real time and avoid either a discovery dispute or additional depositions. Id. It also marks the point in the deposition where the objection is found so

---

[2] Hence Defendant's framing of the objection under Rule 26(b)(2)(B)'s limitation to discovery based on the general relevance criteria.

that if the deposition is later sought to be admitted, the party asserting the objection can pinpoint the question and re-raise the objection.

In neither case, however, is the result an instruction not to answer. Instead, it is an objection, made in a manner consistent with Rule 30(d)(1), which is put on the record. The objection is then renewed either in a follow-up protective order or at the time the deposition is sought to be admitted.

For these reasons, the Court finds that Defendant's instructions not to answer were improper and inconsistent with Rule 30 and 32. The Court does not reach the issue of admissibility under V.R.E. 701 because the issue is premature given that the deposition has not been offered for admission, and there is no testimony or proffer to evaluate for admissibility purposes.

## **ORDER**

Based on the foregoing, Plaintiff's motion to compel is **Granted.** Defendant shall make Gendimenico available for a deposition, and Plaintiff may ask him opinion questions consistent with his understanding and experience in regard to the area where Plaintiff was walking when he fell.

The Court further awards sanctions as allowed under V.R.C.P. 30(d)(2) for Defendant's improper instruction to the witness. Since Defendant lacked any basis to instruct the witness not to testify, the Court finds that Plaintiff's decision to stop the deposition and resolve the issue was a reasonable decision as Defendant's improper objection came early in the deposition and imposed an improper limitation on the deponent's ability to testify. Based on this finding and conclusion that this improper instruction constituted a violation of Rule 30(d)(2), the Court directs Defendant to pay the costs of associated with any re-deposition of Gendimenico. Plaintiff is also granted his attorney's fees for the costs of the present motion. Plaintiff shall submit a motion and affidavit in support of this cost, which the Court shall review.

Electronically signed on 4/16/2024 10:51 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge