## State of Vermont v. Anthony R. Sausville

[557 A.2d 502]

No. 87-190

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 3, 1989

*William D. Wright, Bennington County State's Attorney,* and *Elizabeth F. Novotny, Law Clerk (On the Brief),* Bennington, for Plaintiff-Appellee.

*Bernard J. Boudreau, Public Defender,* Bennington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals an order of the trial court to pay restitution to the victim of an assault committed by defendant. We reverse.

Defendant entered into a plea bargain agreement with the State in which defendant agreed to plead no contest to a charge of simple assault and the State agreed to recommend a suspended sentence, a fine, and numerous conditions of probation. In the plea agreement, the parties stipulated that the amount of restitution would be determined at a hearing on the subject. At the hearing, the State submitted evidence as to the victim's losses, and defendant offered a rebuttal witness to contest the amount of restitution sought by the State. Defendant did not testify. The

court ordered defendant to pay restitution in the amount of $1,808.77. The court did not inquire as to defendant's ability to pay this amount, nor did the court fix the manner in which defendant was to pay it.

Defendant appeals, raising three issues. The first issue is dispositive of the appeal; therefore, we shall not address the other issues. Defendant asserts that the court's failure to inquire as to his ability to pay the ordered restitution and the court's failure to determine a method of paying the restitution award invalidates the order. We agree.

Restitution may be part of the conditions of probation of a criminal defendant. 28 V.S.A. § 252(b)(6). The statute requires, however, that "[w]hen restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, *which shall not exceed an amount the defendant can or will be able to pay, and shall fix the manner of performance.*" *Id.* (emphasis added). We have previously held that "[i]t was *necessary* for the trial court to determine whether or not the defendant can or will be able to pay the amount of restitution ordered. Such decision can only be made upon the presentation of evidence before the court." *State* v. Benoit, 131 Vt. 631, 635, 313 A.2d 387, 389 (1973) (emphasis added). Defendant's failure to take the stand does not obviate the court's duty to determine if the restitution award is within defendant's ability to pay. If defendant does not take the stand on his own behalf, it will be necessary for the State to establish in some other manner defendant's ability to pay restitution. The failure of the court to make any findings as to defendant's ability to pay the restitution award requires our reversal of the restitution order. See *State* v. Curtis, 140 Vt. 621, 623, 443 A.2d 454, 456 (1982) ("The instant record is devoid of any finding on the defendant's ability to pay. Thus, the restitution order cannot stand.").

The State argues that a different analysis is applicable to the instant case, because defendant agreed to pay restitution as part of the plea agreement. The State, basing its argument upon theories of contract law, contends that defendant's agreement to pay restitution waived any rights he possessed under the statute to a determination of his ability to pay the restitution award. We disagree. Our examination of the record reveals no such waiver of defendant's statutory rights. The very purpose of the restitution hearing was to determine the amount of the restitution award.

Defendant could not waive his right to a determination of his ability to pay the restitution order if he did not have any knowledge as to what the court's determination of the amount of restitution would be. Further, this Court is extremely hesitant to imply waiver of a criminal defendant's rights without proof of a knowing and intelligent waiver of such rights. See *State* v. *Ahearn,* 137 Vt. 253, 262, 403 A.2d 696, 702 (1979). We conclude, therefore, that the court must determine under the statute a defendant's ability to pay restitution despite any provision in a plea agreement to make such payment.

*Reversed and remanded to the sentencing court for further hearing on the issue of restitution; remainder of defendant's terms of probation to remain in effect.*

**Dooley, J.,** dissenting. The majority has reversed the restitution order in this case based on an issue never preserved by defendant, and raised for the first time on appeal. Defendant agreed to restitution as determined at a hearing. The hearing was held and evidence taken from the victim and a witness offered by the defendant. After the defendant submitted his evidence the court asked: "What's the dispute here?" Defense counsel answered that the dispute was over the lost wages claimed by the victim because they were highly speculative and unliquidated. There was never a hint that the defendant claimed inability to pay the restitution amount of approximately $1800 sought by the victim.

The result here embodies a substantial waste of judicial resources. Defense counsel waited 30 days to say what he clearly could have said at the hearing — "I contest ability to pay!" The case has been briefed and argued in this Court at substantial expense to the citizens of Vermont. The victim remains without restitution for well over a year. All this to require the trial judge to do what he almost certainly would have done if he only were asked. This is an example of the very conduct that our plain error rule is designed to prevent. See *State* v. *Campbell,* 146 Vt. 25, 27, 497 A.2d 375, 377 (1985); V.R.Cr.P. 52(b).

It also sends some very bad signals to trial counsel and judges. It encourages raising issues for the first time on appeal. It warns judges not to accept the specification of issues from trial counsel but instead to explore every possible issue whether or not raised.

More needless appeals to this Court result with new additions to our backlog.

I am also concerned that we have unrealistically allocated the burden of proof of ability to pay without reason. In fact, the essential information will come primarily from the defendant. I would rather see the information presented carefully and understandably by the defense rather than through a blind cross-examination of the defendant by the prosecutor and the trial judge.