2010 VT 109

**STATE of Vermont v. Jeffrey BAKER**

[12 A.3d 545]

No. 09-314

¶ 1. December 8, 2010. Defendant Jeffrey Baker appeals the trial court's order of restitution requiring him to pay $620.67 to victim, the Fletcher Free Library of Burlington. He argues that the charge was not incurred as a result of the crimes to which he pled guilty. We agree and reverse and remand.

¶ 2. The relevant facts are not in dispute. Defendant faced nine criminal charges resulting from a variety of alleged activities. Among these charges, which included prescription fraud, violation of an abuse prevention order, and obstruction of justice, was a charge of burglary resulting from the alleged theft of a laptop computer from the Fletcher Free Library. Defendant was a former employee of the library, and he allegedly used the key he still possessed to enter the library and steal the computer. Police later recovered the computer while conducting a search pursuant to a warrant. Following the burglary, the Fletcher Free Library chose to replace its locks for

security purposes. The State sought to have defendant pay as restitution the cost of the lock change.

¶ 3. On June 16, 2009, defendant entered into a plea agreement with the State in which he agreed to plead guilty to three counts of prescription fraud in exchange for the dismissal of nine other charges, including the burglary charge. No charge remained involving the library. The plea agreement specified a number of special conditions of probation, including the general payment of "restitution for uninsured losses." Following defendant's pleas of guilty to the prescription drug charges, entry of judgment on those pleas, and dismissal of the remaining counts, the State asked that a restitution hearing be held to seek restitution. The prosecutor explained that "the only restitution that I'm aware of is the library is asking for money that was needed to replace locks on the door." Defendant did not respond to the prosecutor's statement. The court imposed sentence in accordance with the plea agreement.

¶ 4. A restitution hearing was held on July 13, 2009, and at this hearing defendant's counsel contested the requested restitution, arguing the restitution being sought was "on a dismissed count that [defendant] never agreed to pay restitution [for] or to plead guilty [to] or to admit any guilt [for]." The trial court disagreed, reasoning that the plea agreement specifically required restitution for uninsured losses, a requirement that would have no meaning in the context of prescription fraud. The court found that the reasonable meaning of "restitution" was repayment of the costs associated with changing the library keys and consequently entered a restitution order for $620.67. Defendant appeals.

¶ 5. The purpose of restitution is to compensate a victim, as opposed to punishing a defendant. *State v. Bohannon,* 2010 VT 22, ¶ 6, 187 Vt. 410, 996 A.2d 196. Vermont statute requires that restitution

be "considered in every case in which a victim of a crime . . . has suffered a material loss." 13 V.S.A. § 7043(a)(1). "Material loss" includes "uninsured property loss" and "uninsured out-of-pocket monetary loss," 13 V.S.A. § 7043(a)(2); and "victim" is defined as "a person who sustains physical, emotional or financial injury or death as a direct result of the commission or attempted commission of a crime." 13 V.S.A. § 5301(4).

¶ 6. On appeal, defendant argues: (1) that the court erred in requiring him to pay restitution to the library because the recipient of the restitution was a victim of a dismissed charge and not of the charges to which he pled guilty; (2) that the restitution order must be vacated because the court failed to make findings as to defendant's ability to pay. The first issue here is dispositive of the appeal; therefore, we decline to reach the second argument.

¶ 7. Defendant claims he cannot be ordered to pay restitution for any alleged loss associated with the burglary of the Fletcher Free Library because he was not convicted of committing the burglary and the charge was dismissed. See *State v. Forant,* 168 Vt. 217, 222-23, 719 A.2d 399, 403 (1998) ("An order of restitution must relate directly to the damage caused by the defendant's criminal act for which he was convicted"); see also *State v. Hughes,* 2010 VT 72, ¶ 8, 188 Vt. 595, 5 A.3d 926 (mem.) (same); *Bohannon,* 2010 VT 22, ¶¶ 12-13 (same). The State does not dispute this general law, but argues that it does not apply here because the plea agreement that defendant voluntarily entered into with the State explicitly included a condition requiring the payment of restitution for uninsured losses and defendant was aware that the State sought restitution for the library's costs of changing the locks. Thus, the State argues that defendant waived any objection he had to an order that he pay restitution to the victim of a dismissed

charge. The trial court found that defendant waived his objection to restitution by signing the plea agreement because the court found that "what they wrote in the contract is what counts" and a restitution requirement "would have no meaning for prescription fraud." We disagree with the trial court and the State and hold there was no waiver.

¶ 8. At least one prior decision by this Court has specifically considered the issue of waiver with regard to payment of restitution. See *State v. Sausville*, 151 Vt. 120, 121-22, 557 A.2d 502, 503 (1989). *Sausville* also involved a plea agreement in which defendant agreed to pay restitution, but the amount was to be determined at a later hearing. Defendant appealed an award of restitution arguing that the court had not determined his ability to pay. The State argued waiver: because defendant agreed to pay restitution as part of the plea agreement, the defendant waived any right to a determination of his ability to pay. We rejected that argument, concluding that "[d]efendant could not waive his right to a determination of his ability to pay the restitution order if he did not have any knowledge as to what the court's determination of the amount of restitution would be." *Id.* at 122, 557 A.2d at 503. We added that "this Court is extremely hesitant to imply waiver of a criminal defendant's rights without proof of a knowing and intelligent waiver of such rights." *Id.*

¶ 9. This case is a good example of why we must require a knowing and intelligent waiver. The plea agreement language on which the trial court and the State rely states "13. restitution for uninsured losses," with no specification of what losses are covered. As in *Sausville*, defendant in this case did not know the specifics of the restitution he was allegedly agreeing to by signing the plea agreement. Moreover, without saying so directly, the trial court has interpreted the language as covering losses for which the law does not provide restitution. Under that interpretation, the State could specify any losses irrespective of whether defendant was ever charged with a crime in connection with them. The record does not establish that defendant knew his rights with respect to restitution and intelligently waived those rights.

¶ 10. The trial court offered an additional reason for its interpretation of the restitution provision — that no restitution was possible for prescription fraud, so defendant must have known that the restitution was for losses in connection with the library burglary. This reasoning faces an additional obstacle to the State's request. Although defendant's counsel did not raise this point, we have held explicitly that expenses incurred to change locks to prevent future crime, and not to repair property damage, cannot be covered by a restitution order. *Forant*, 168 Vt. at 223, 719 A.2d at 403. That holding directly controls the situation here because defendant did not damage the library locks. Thus, the restitution order was contrary to two specific limitations on the availability of restitution for a particular loss. An answer to the court's view that defendant must have known that the restitution involved the library burglary is that he could have assumed the restitution did not include expenses for changing locks, since, as we held in *Forant*, such restitution was not authorized by the statutes.

¶ 11. We are similarly unpersuaded by the State's argument that defendant waived the right to contest the specific restitution sought by the State when defense counsel did not object at the change of plea hearing. The main point of the State's statement on restitution was to request a hearing. That request came after defendant signed the plea agreement and after the court entered judgment on that agreement. Although the State specified what it would be seeking — restitution for the library to cover the

expenses of changing the locks — defendant was not asked to speak to that request, and no rule of procedure required defendant to address the State's request at that time. In the absence of an obligation to speak, we cannot find a waiver from silence. See *Nichols v. Brattleboro Retreat*, 2009 VT 4, ¶ 8, 185 Vt. 313, 970 A.2d 1249; see also *State v. Dunbar*, 172 Vt. 557, 558, 772 A.2d 533, 535 (2001) (mem.) (where defendant was not asked to plead to enhancement charge, silence is denial and not assent). Our general rule is that waiver cannot be construed from silence; it requires "proof of a voluntary and intentional relinquishment of a known and enforceable right." *Kanaan v. Kanaan*, 163 Vt. 402, 414, 659 A.2d 128, 136 (1995). Again, the record provides no demonstration of intentional relinquishment of a known right.

¶ 12. We conclude that defendant did not waive his right to challenge the legality of the restitution order, either by signing the plea agreement or by remaining silent at the plea hearing. It is undisputed that the loss covered by the order was not caused by conduct for which defendant was convicted. As a result, the restitution order was in error.

*Reversed.*