*Blatt v. Touchette*, No. 271-5-19 Wncv (Tomasi, J., June 25, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 271-5-19 Wncv |

| | |
|---|---|
| Samuel Blatt, <br>     Plaintiff <br><br> v. <br><br> Michael Touchette, <br>     Defendant | |

## Opinion and Order on Cross-Motions for Summary Judgment

In his second amended complaint, inmate Samuel Blatt contends that in "February 2019, the DOC removed [him] from the [Caledonia] work camp by placing him in segregation after a correctional officer at the camp listened to a phone call Mr. Blatt had placed to his mother that she deemed full of threats." Second Amended Petition 1 (filed Nov. 18, 2019). Mr. Blatt alleges that he was given a hearing, pursuant to the Department of Correction's (DOC's) work camp removal policy, but it did not comply with due process because the correctional officer who listened to the call was not present despite Mr. Blatt's request that she appear. Due to his removal from work camp, he lost the ability to earn work camp good time. As relief, he seeks all the work camp good time he would have earned but for his allegedly wrongful removal.

In an earlier ruling, the Court held that the DOC was required to follow the procedures of its Directive 410.01 as regards work camp removals. Each party has now moved for summary judgment seeking judgment as a matter of law. The Court makes the following determinations.

Standard

Summary judgment procedure is properly regarded as "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994).

A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts or affidavits to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628, (1991). If the non-moving party will bear the burden of proof at trial, the moving party may be entitled to summary judgment if the non-moving party is unable to come forward with evidence supporting its case. *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989).

In assessing a motion for summary judgment, the Court views all facts and indulges all inference in favor of the non-moving party. *Price v. Leland*, 149 Vt.

2

518, 521 (1988). Where, as here, there are cross-motions for summary judgment, "both parties are entitled to the benefit of all reasonable doubts and inferences." *Montgomery v. Devoid*, 2006 VT 127, ¶ 9, 181 Vt. 154, 156.

In this instance, Plaintiff moved for summary judgment and submitted a statement of uncontested facts. The DOC responded to that submission and filed its own statement of uncontested facts. Plaintiff did not submit an opposing statement of contested facts, accordingly, pursuant to Vt. R. Civ. P. 56(e)(3), the additional facts put forth by the DOC are accepted as true for purposes of this motion.

With regard to reviews of prison discipline, the Court's examination is further cabined by Vt. R. Civ. P. 75. Rule 75 allows judicial review of governmental administrative decisions, but only "if such review is otherwise available by law." While the case law interpreting Rule 75 has insulated the overwhelming majority of discretionary administrative decisions made by the Department from judicial review, *see, e.g., Rheaume v. Pallito*, 2011 VT 72, ¶11, 190 Vt. 245, 250, the Court may still review quasi-judicial decisions in accordance with the principles of *certiorari* review. *Id.*

The scope of *certiorari* review under Rule 75 is very narrow. "[W]hen reviewing administrative action by the [Department] under V.R.C.P. 75, we will not interfere with the Department's determinations absent a showing that the [Department] clearly and arbitrarily abused its authority." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220, 224; *Molesworth v. University of Vermont*, 147 Vt. 4, 7

3

(1986) (*certiorari* review "confined to addressing substantial questions of law affecting the merits of the case.").

More specifically, in the context of reviewing disciplinary determinations made in the prison setting, the Vermont Supreme Court has adopted the standards set forth by the United States Supreme Court in *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). *LaFaso v. Patrissi*, 161 Vt. 46, 49 (1993). Although due process requires the Department to prove inmate disciplinary infractions by a preponderance of the evidence at the disciplinary hearing, *id.* at 51, under *Hill*, this Court will uphold a disciplinary determination if "there is *any evidence* in the record to support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *King*, 2003 VT 34, ¶ 7, 175 Vt. at 224 (noting same); *Lafaso*, 161 Vt. at 49 (prison determination "must be upheld if it is supported by 'some evidence' in the record" (citation omitted)).

As the *Hill* Court concluded, "[r]equiring a modicum of evidence to support a decision [of a disciplinary board] . . . will help to prevent arbitrary deprivations without threatening the institutional interest or imposing undue administrative burdens." 472 U.S. at 455. Accordingly, in this case, the disciplinary decision will be affirmed if it is supported by "any evidence" in the record. *King*, 2003 VT 34, ¶ 7, 175 Vt. at 224.

<u>Facts</u>

The Court derives the undisputed facts from the parties' statements of fact submitted under Vt. R. Civ. P. 56(c) and any supporting evidence. *Boulton v. CLD*

4

*Consulting Engineers, Inc.,* 2003 VT 72, ¶ 29, 175 Vt. 413, 427. Plaintiff was removed from a work camp placement based on statements he made to his mother during a telephone call. He received a DOC hearing relating to that call. The audio recording of the hearing is part of the summary judgment record. At the outset of the hearing, the presiding officer asked if Plaintiff was aware of his rights, Plaintiff said he was. The officer noted that the investigating officer, Officer Deblois, was not present. He asked whether Plaintiff wished Officer Deblois to be present. Plaintiff said "no." Plaintiff went forward with the hearing without Officer Deblois present. At the hearing, the DOC relied, *inter alia,* upon Officer Deblois' report concerning her review of Plaintiff's telephone call with his mother. In that call Plaintiff makes threats to harm himself and to escape from work camp. Officer Deblois' impression of his tone was that he was serious. The DOC also relied upon a transcription of the telephone call. Plaintiff's position was that he was upset at the time, was venting to his "support system," and was not serious about hurting himself or escaping. The reviewing officers confirmed his removal from the work camp. Plaintiff appealed that determination within DOC[1] and to this Court.

<u>Analysis</u>

Wisely, Plaintiff does not claim that there was "no evidence" to support his removal from the work camp. The 2015 Interim Memorandum governing such

---

[1] The Court understands that DOC may dispute that point. Given the Court's determinations, it accepts Plaintiff's position for purposes of this motion.

5

matters allows removal for: "Any demonstrated behavior or information obtained which the Superintendent believes could cause a significant disruption to the operations of the Work Camp." Plaintiff's statements – which were transcribed and which he does not contest -- regarding his desire to hurt himself and escape from Work Camp would easily meet that standard. Plaintiff's defense at the DOC level rested on the proper interpretation of his intent -- *i.e.,* he was only "venting" and was not serious. Before this Court, he argues that the DOC violated his due process rights by not producing Officer Deblois for his hearing.

The DOC contends, first, that Plaintiff did not specifically raise the issue of due process in his administrative appeals and, therefore, did not preserve that issue. Second, DOC asserts that Plaintiff was afforded an opportunity to have Officer Deblois present. He indicated he did not wish her to be present and went forward with the hearing without her. As a result, DOC maintains that he waived any due process objection relating to her failure to appear.

The Court agrees on both scores. On the present summary judgment record, Plaintiff has not contested those points as factual matters. That alone gives sufficient downweight to the DOC's position. Nonetheless, the Court also has reviewed the record. While Plaintiff's grievances make a passing reference to "due process," it is not clear that the complaint concerned the hearing at issue in this case or related matters, and his grievances certainly make no mention of the specific claim concerning the absence of Officer Deblois from the hearing.

When administrative remedies are established by statute or regulation, as is so often the case in the context of prisoner litigation, the longstanding rule is that a party must both "preserve" and "exhaust" all such remedies before turning to the courts for relief. *Pratt v. Pallito*, 2017 VT 22, ¶ 12 (comparing doctrines of exhaustion and preservation and noting that prisoners are required to satisfy both); *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Failure to do so permits a court to dismiss an action for lack of subject matter jurisdiction. *Jordan*, 166 Vt. at 511. The doctrines are important because they allow the agency to be apprised of the precise issue being raised and give it the opportunity to self-correct and provide relief without court involvement. In this case, the Court believes DOC was not adequately apprised of Plaintiff's claim regarding Officer Deblois and had no opportunity to rule on it. The Court concludes the claim was not adequately preserved.

In any event, the audio record of Plaintiff's hearing establishes that he waived his right to have Officer Deblois present. Waiver "requires proof of a voluntary and intentional relinquishment of a known and enforceable right." *State v. Baker*, 2010 VT 109, ¶¶ 11–12, 189 Vt. 543, 548 (mem.) (quotations omitted). That standard is met in this case. Here, the presiding officer asked if Plaintiff was aware of his rights, and Plaintiff said, "yes." He then asked if Plaintiff wanted to have Officer Deblois present for the hearing. Plaintiff said, "no," and proceeded with the hearing. Under such circumstances, the Court finds that Plaintiff waived any right to complain about the absence of Officer Deblois from the hearing.

<u>Conclusion</u>

In light of the foregoing, Plaintiff's motion for summary judgment is denied, and the DOC's cross-motion for summary judgment is granted.

Dated this __ day of June, 2020, at Montpelier, Vermont.

_____
Timothy B. Tomasi
Superior Court Judge

8