Filed 11/02/23

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01314

---

### Thomas Velde, Jr. v State of Vermont et al

---

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion for Summary Judgment; Cross Motion for Summary Judgment ; (Motions: 2; 3) |
| Filer: | Emily Tredeau; Nicholas R. Battey |
| Filed Date: | March 09, 2023; April 10, 2023 |

Petitioner Velde seeks post-conviction relief from the sentence imposed pursuant to a plea agreement which allowed for habitual offender sentence enhancement. He seeks to vacate the habitual offender enhancement portion of the sentence and be resentenced.

### Facts

The parties do not dispute the material facts:

In 2009, Mr. Velde was convicted of unlawful trespass based on a plea of guilty and sentenced to one month to two years. State v. Velde, 1218-8-08 Rdcr. As the transcript shows, it is undisputed that when he pled guilty to that charge in 2009, he did not agree to the facts upon which the charge was based.

In March of 2018, Petitioner Velde was being tried on four criminal charges and the State was seeking an enhanced habitual offender penalty based on prior convictions, one of which was the 2009 unlawful trespass. State v. Velde, 461-4-16 Rdcr.

Midway through the trial in 2018, he reached a plea agreement with the State that was accepted by the court. He pled guilty to two charges: leaving the scene of an accident with a fatality and careless and negligent driving. The other two charges were dismissed. In addition, he pled guilty to being a habitual offender because of prior convictions, including the 2009 conviction. This provided for the possibility of penalties to be enhanced. The maximum penalty for each of the offenses to which he pled guilty was 15 years. A contested sentencing hearing was scheduled. At the sentencing hearing, he received the enhanced sentence of 19 years to life imprisonment on each of the two charges.

In this post conviction relief case, Mr. Velde does not seek to vacate any conviction. He seeks relief from the enhancement portion of the sentence imposed in March of 2018 and the opportunity to be resentenced on the two convictions.

**Analysis**

Petitioner acknowledges that at the 2018 change of plea hearing, he did not specifically preserve the opportunity to challenge habitual offender status in a later post conviction relief action, but argues that at the time he was not required to do so and so did not waive the opportunity. The State argues that case law establishes that the right was waived as a matter of law when not preserved at the time of the 2018 change of plea.

In addition to the factual history set forth above, there is a legal history over the same time period in which the legal requirements for challenging the basis for sentence enhancement were evolving and not necessarily with clarity and consistency.

In 2002, in *Boskind,* the Vermont Supreme Court ruled that a person who was no longer serving a sentence for a prior DUI conviction but was charged with DUI-3, which carries a higher penalty if there are prior convictions, could not challenge the prior conviction at a sentencing hearing in the criminal court in the new DUI-3 case but was required, and allowed, to challenge the basis for the conviction through a post conviction relief action filed in the civil court pursuant to 13 V.S.A. § 7131. *State v. Boskind,* 174 Vt. 184, 192 (2002).

In 2004, in *Torres,* the Vermont Supreme Court issued a ruling relied on by the State in this case. The Petitioner had pled guilty to a second degree aggravated assault charge, which allowed for an enhanced sentence if he had a conviction for a prior domestic assault. It turned out that although he had been previously charged with a domestic assault, the charge had been dismissed, so at the time of his plea he did not actually have a prior conviction. The Court ruled, however, that when he pled guilty to the aggravated charge, he waived all non-jurisdictional defects. The Court nonetheless remanded the case to allow him to pursue his alternative claim based on ineffective assistance of counsel. *In re Torres,* 2004 VT 66.

In 2017, in *Stocks,* the Vermont Supreme Court granted post conviction relief on the basis that a criminal conviction based on a plea could not stand unless the person had affirmed the facts that supported the elements of the crime in compliance with the requirements of Rule 11 of the Vermont Rules of Criminal Procedure. *In re Stocks*, 2014 VT 27.

In 2016, in *Manning,* Petitioner, who had been convicted of DUI-4 after a trial and received an enhanced sentence based on having prior convictions, sought post conviction relief from his DUI-3 conviction in order to remove the sentence enhancement. The Court ruled that although his plea to the DUI-3 was defective, the remedy sought was "at odds with our established law as articulated in *State v. Boskind . . .Boskind* held that the relief available to petitioner on account of the improper conviction for DUI-3 is limited to a challenge to any enhancement of his sentence in the context of his DUI-4 conviction." *In re Manning,* 2016 VT 53, ¶ 20. The Court vacated the sentence to provide for him to be resentenced without the habitual offender enhancement. This is the case relied on by Petitioner in this case.

In 2017, in *Bridger,* the Court again ruled, as in *Stocks*, that prior convictions resulting from guilty pleas based on a change of plea record that showed no admission to the charged facts could be vacated through the post conviction relief process.

This was the state of the law when Mr. Velde pled guilty on March 18, 2018 to the two charges and being a habitual offender. Thus, for the 18 months following his change of plea, it appears that the law in Vermont based on *Manning* and *Boskind* was that a person in Mr. Velde's position could not obtain post conviction relief to *vacate* a prior predicate *conviction* for which he was no longer under sentence, but he could challenge an enhanced sentence on a showing of a defect in a prior conviction that was used as the basis for sentence enhancement, and could seek resentencing.

In 2019, the Court issued its decision in *Gay,* upon which the State also relies in this case. *In re Gay,* 2019 VT 67.

Prior to that ruling, a Mr. Benoit had filed a PCR petition challenging predicate convictions to a DUI-3 to which he had pled guilty. He relied on *Boskind* and *Manning,* and the State opposed in reliance on *Torres.* As recounted in the ultimate 2020 Opinion of the Court in *Benoit*, the trial judge noted that there appeared to be two separate and inconsistent lines of cases: the 2004 *Torres* decision, which treated any challenge to sentence enhancement to have been waived if the petitioner pled guilty to the conviction that was the basis for sentence enhancement, and the *Boskind/Manning* line, which allowed predicate convictions used for sentence enhancement to be challenged in a PCR and allowed the enhanced sentence to be vacated for defects in the predicate convictions and also provided for the remedy of a new sentencing. *In re Benoit,* 2020 VT 58, ¶ 7. The trial judge in *Benoit* granted a motion for interlocutory appeal to allow clarification by the Supreme Court, which the Court accepted. The Court issued its decision in *Gay* prior to issuing a decision in *Benoit.*

In *Gay,* Petitioner had pled guilty in 2004 to two felonies. By 2006, he had two additional felony convictions. In 2014, he pled no contest to a charge of obstruction of justice that was apparently charged with a habitual offender enhancement. Based on his history of convictions, the court imposed a sentence that was enhanced under Vermont's habitual offender statute, 13 V.S.A. § 11. In 2018, he filed a PCR petition seeking to vacate the enhanced sentence based on *Stocks* and a claim that the 2004 convictions were faulty due to lack of his acknowledgement of facts supporting the charges. *In re Gay,* 2019 VT 67.

In its decision in *Gay,* issued in 2019, the Court relied on *Torres* and ruled that by entering a plea that allowed for sentence enhancement, Petitioner had waived the opportunity to challenge the basis for sentence enhancement. It distinguished *Manning* on the grounds that the Petitioner in *Manning* had not entered a plea and thus there had been no waiver.

In a concurring opinion, Justice Robinson noted that the ruling created an awkward situation for a person who has no defense to an immediate new charge in which the State seeks habitual offender enhancement but has a potential meritorious challenge to the prior convictions on which enhanced sentencing is sought: one couldn't plead guilty without waiving a challenge to sentence enhancement, so the only way to challenge sentence enhancement would be to go to trial in the new charge and then file a PCR on the prior case to try to reduce sentence enhancement. She concurred in the opinion but with reference to the opposing case law relied on

by the parties, concluded that "either potential holding in this case may be in tension with existing case law and may ultimately require us to revisit established practices." *Id.* at ¶ 21.

This tension was addressed in the subsequent opinion in *Benoit,* issued the following year (2020). The Opinion began: "This interlocutory appeal requires us to clarify the available legal means for collaterally challenging a predicate conviction to an enhanced charge in light of two distinct lines of case law." *In re Benoit,* 2020 VT 58, ¶ 1. Subsection headings describe "Two Lines of Cases" and "Harmonizing the Case Law." *Id.* at ¶ ¶ 10, 16. By this time, the Court had issued the *Gay* decision in reliance on *Torres.* In *Benoit* it affirmed *Torres* and supplemented it by providing that for the person in the dilemma noted by Justice Robinson in *Gay*, the opportunity to challenge the basis for sentence enhancement could be preserved by specifically reserving it on the record at the time of entering the plea. *Id.* at ¶ 18; otherwise, a post conviction challenge to the enhanced sentence is waived.

Thus, from the time of the *Gay* decision in 2019, it was established that a plea to a charge that carries possible habitual offender sentence enhancement was a waiver of the right to challenge the predicate conviction that formed the basis for the enhancement, and from the time of the *Benoit* decision in 2020, it was clear *how* to preserve the right to challenge sentence enhancement, which was by making specific representations on the record at the time of the plea:

> To be more specific, we hold that with the State's agreement and the court's approval, defendants may preserve a PCR challenge to a predicate conviction even while pleading guilty to an enhanced charge by stating on the record at the change-of-plea hearing an intent to challenge one or more of the convictions through a PCR petition, specifically identifying the convictions they intend to challenge, and stating the bases for the challenges.

*Id.* This requires not just a general reservation, but very specific information about the substantive basis for such a challenge.

In 2021, in *Lewis,* the Court again held that a plea of guilty to the habitual offender enhancement constituted a waiver of a collateral challenge to the use of a prior conviction that was used to support sentence enhancement. *In re Lewis,* 2021 VT 24, ¶ 7.

In this case, Mr. Velde changed his plea in 2018, before the dissonance between the *Torres* and *Manning* lines had been brought to light and resolved for future cases by the decisions in *Gay* and *Benoit*.

The State relies on *Gay* and *Torres* and the principle that entry of a plea amounted to a waiver of the opportunity to challenge sentence enhancement, whereas Petitioner argues that at the time of the 2018 change of plea hearing, the most recent Supreme Court decision was *Manning,* which purported to acknowledge the right and opportunity to challenge predicate convictions through the post conviction relief process and obtain resentencing.

The issue thus is whether the current law, not clearly established until 2019-2020, should have retroactive effect on the 2018 change of plea hearing.

In *State v. Barber,* issued on August 10, 2018 (after Mr. Velde's guilty plea in March of 2018), the Court specifically addressed the issue of retroactive applications of Court rulings that announce a new law. *In re Barber,* 2018 VT 78. The Court determined that a rule is new if prior practice was not uniform and precedent did not dictate the new ruling. In both *Gay* and *Benoit,* the Court acknowledged that up to then, there were two lines of cases that "collided" in *Gay. Gay* at ¶ 9. *Gay* and *Benoit* established a new legal procedure that had not previously been clearly required but would thereafter apply to changes of plea involving sentence enhancement and could result in loss of a right that had appeared to be recognized under prior Vermont Supreme Court rulings.

The Court further determined in *Barber* that a new ruling does not apply retroactively except in the circumstances of two exceptions which do not apply in this case. See ¶¶ 17-19. Thus, applying the analysis in *Barber,* the court concludes that *Gay* and *Benoit* created a new rule that cannot be retroactively applied to 2018, and thus cannot support a ruling that Mr. Velde waived the opportunity to collaterally attack his enhanced sentence through showing a defect in his 2009 plea colloquy.

It is also noted that the essence of waiver is "a voluntary and intentional relinquishment of a known and enforceable right." *State v. Baker,* 2010 VT 109 ¶ 11. It is only after the Court resolved the two lines of cases and settled on the new rule in *Gay,* and created specific requirements for preservation in *Benoit,* that criminal defense attorneys are on clear notice of the rule of law that pleading guilty to a charge with a habitual offender component without making the required specific reservations on the record constitutes a waiver of any right of collateral challenge that could result in resentencing. [1] This had not been established in 2018 when Mr. Velde entered his plea. While *Torres* had been decided, the state of the law was mixed such that it was not clear that entry of a plea would foreclose the possibility of seeking sentence reduction through post conviction relief challenges to predicate convictions.

The application of waiver at time of change of plea on a charge that carries habitual offender sentence enhancement has now been clarified, but that was not the case in 2018. *Stocks* and *Bridger* had been decided in 2014 and 2017, so it appeared that prior convictions based on lack of admission to facts could be challenged, and *Boskind* and *Manning* indicated that the PCR process could be used to vacate an enhanced sentence and obtain a resentencing. A waiver is an intentional relinquishment of a known right. Given the state of the law at the time, it is hard to conclude that the 2018 plea amounted to an intentional waiver of a known right.

---

[1] Sentence enhancement occurs in two contexts: one as a result of a criminal charge with an element of a prior specific conviction, and the other as habitual offender enhancement based on 13 V.S.A. § 11. Prior to *Gay,* the sentence enhancement cases had all involved criminal offenses in which a prior conviction for a specified crime was an element of the new crime. *Gay* was the first case in which sentence enhancement was sought under Vermont's habitual offender statute, 13 V.S.A. § 11, which allows enhancement based on convictions of three felonies of any kind.

For the foregoing reasons, Petitioner's Motion for Summary Judgment is *granted*, and the State's Cross Motion for Summary Judgment is *denied*.

Electronically signed November 1, 2023 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned